386 So.2d 1319 (1980)
Ed T. JONES, Appellant,
v.
Odessa RAINEY and Phil Gotti, As Co-Personal Representatives of the Estate of Marie J. Rainey, Deceased, Appellees.
No. 80-410.
District Court of Appeal of Florida, Second District.
September 5, 1980.
Marcus J. Ezelle of Burton, Evers & Ezelle, P.A., Wauchula, for appellant.
John J. Nedza, Bradenton, for appellees.
GRIMES, Judge.
Appellant complains of an adverse summary judgment in his suit on a promissory note against the personal representatives of the estate of Marie J. Rainey, deceased.
On February 16, 1959, Ms. Rainey executed a note under seal payable on demand to appellant in the amount of $9,000. At that time, the applicable statute of limitations was twenty years. § 95.11(1), Fla. Stat. (1959). As part of a general revision concerning the limitation of actions, the legislature in 1974 eliminated the twenty year limitation period for written instruments under seal, thereby reducing the limitation period for such a note to five years. § 95.11(1) & (2), Fla. Stat. (1979). The effective date of the new act was January 1, 1975, but it contained a savings clause which provided that any action which would be barred when the act became effective though not barred under prior law could be commenced before January 1, 1976. § 95.022, Fla. Stat. (1979).
Appellant did not commence this action until October 10, 1979. Therefore, if we assume that the statute was running on January 1, 1975, the last date for filing suit on the note would have been December 31, 1975. Carpenter v. Florida Central Credit Union, 369 So.2d 935 (Fla. 1979). However, this does not take into account the fact that Section 95.031(1), Florida Statutes (1979), which became effective June 27, 1975, specifies that for purposes of the statute of limitations the cause of action on a demand note accrues upon the first written demand for payment.
The only indication in the record of a prior written demand for payment was appellant's filing of a claim against Ms. Rainey's estate on August 24, 1979, and there is nothing on file to suggest that appellant's cause of action accrued before that date. Thus, the court erred in granting appellee a summary judgment predicated upon the statute of limitations. Accordingly, we reverse the summary judgment and remand the case for further proceedings including the development of the issue of when the first written demand for payment was made.
DANAHY and CAMPBELL, JJ., concur.