391 So.2d 797 (1980)
Virgil SMITH and Howard Jones, As the Surviving Directors and Board of Trustees of Edwards Sash, Door & Lumber Co., a Dissolved Corporation, Appellants,
v.
James M. BRANCH, Jr.; Betty M. Branch, Husband and Wife; Levi F. Branch; Vialee E. Branch; James R. Cope; Georgia Deane Cope; Wilson C. Rippy, Jr., M. D.; Hugo Schmidt & Company, a Florida Corporation, Montgomery Ward & Co., Inc.; J.M. Linton; the First National Bank of Florida, Formerly Known As the First National Bank of Tampa; Pan American Bank of Tampa, Formerly Known As Capital National Bank of Tampa; and Ralph L. Rousseau, Jr., Appellees.
No. 80-178.
District Court of Appeal of Florida, Second District.
December 31, 1980.
Charles W. Pittman of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellants.
No appearance for appellees.
BOARDMAN, Acting Chief Judge.
Virgil Smith and Howard Jones, as the surviving directors of Edwards Sash, Door & Lumber Co. (Edwards), a dissolved corporation, *798 plaintiffs below, appeal a final judgment ruling their action barred by the statute of limitations and laches. We reverse.[1]
On November 20, 1962, William D. and Thelma K. Dobbs executed a demand note in favor of Edwards for $10,439.90 plus interest secured by a second mortgage on certain real property. Appellee James Branch purchased the property in 1964, assuming a first mortgage on the property to First Federal in the amount of $17-18,000. Branch was also aware of the second mortgage at the time he purchased the house, having spoken with appellant Jones prior to the purchase. No demand was made upon Branch for payment of the note in question prior to the filing of the instant suit on June 14, 1979. Subsequent to his purchase, Branch added a family room to the house at a cost of approximately $10,000.
Paul H. Smith, Jr., a former director and majority stockholder of Edwards, explained that foreclosure had not been sought earlier because the property was heavily mortgaged and foreclosure would not have been productive. He further testified that Branch had been in his office about three years earlier and Branch had mentioned that there was some money owed to Edwards on the house and that he would try to work something out.
Section 95.11(2)(c), Florida Statutes (1979) provides that an action to foreclose a mortgage shall be commenced within five years. Section 95.031(1) provides that generally a cause of action accrues when the last element constituting the cause of action occurs and that the last element constituting a cause of action "on a negotiable or nonnegotiable note payable on demand ... is the first written demand for payment." Ruhl v. Perry, 390 So.2d 353 (Fla. 1980); Jones v. Rainey, 386 So.2d 1319 (Fla. 2d DCA 1980).[2]
Section 95.281 is the limitation statute applicable to mortgages. Section 95.281(1)(b) provides that if maturity is not ascertainable from the record, the mortgage terminates twenty years after the date of the mortgage.
When these sections are read together, it is clear that appellants' action is not barred by the statute of limitations. The twenty-year lien of the mortgage has not yet terminated, and appellants' cause of action did not accrue until the filing of the complaint herein. Ruhl v. Perry, supra.
The trial court also found laches applicable. However, this finding may have been based solely upon the finding that the statute of limitations had expired, since section 95.11(6) provides that laches automatically bars any action that would be barred by the statute of limitations.
Where strong equities appear, of course, laches may be applied before the statute of limitations has expired. However, laches is an affirmative defense, and the burden of proof is on the party asserting it; it must, moreover, be proved by very clear and positive evidence. Van Meter v. Kelsey, 91 So.2d 327 (Fla. 1956); Peacock v. Firman, 177 So.2d 560 (Fla. 3d DCA), cert. denied, 183 So.2d 215 (Fla. 1965). One of the elements of laches is lack of knowledge on the part of the defendant that the plaintiff will assert the right upon which suit is based. Van Meter v. Kelsey, supra. Here appellee Branch was well aware of the existence of the mortgage in question and of the reason why it was not foreclosed at the time he purchased the property, and he did not establish that he had ever been given reason to believe that the mortgage would not ever be foreclosed.
Accordingly, the trial court erred in entering final judgment against appellants. That order is therefore REVERSED and *799 the cause REMANDED with instructions to enter final judgment in favor of appellants.
DANAHY and CAMPBELL, JJ., concur.
NOTES
[1] Although appellees did not favor this court with a brief, either through counsel or pro se, we have carefully researched the issues before us and considered the case law which could arguably be construed to support appellees' position.
[2] In fairness to the trial judge, it should be noted that this provision was not brought to his attention. At the hearing below, the attorneys for both sides agreed that the statute of limitations began to run on the date of delivery of the note and mortgage, which is contrary to statutory authority and case law.