452 So.2d 1057 (1984)
Dorothea E. RITTER, Personal Representative of the Estate of Helen V. Curry, Deceased, Appellant,
v.
George J. SHAMAS, Appellee.
No. 83-2531.
District Court of Appeal of Florida, Third District.
July 10, 1984.
*1058 Kimbrell, Hamann, Jennings, Womack, Carlson & Kniskern and Joseph Jennings, Miami, for appellant.
Horton, Perse & Ginsberg and Mallory Horton, Miami, for appellee.
Before HUBBART, DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
Appellee Shamas, the attorney for Mrs. Curry, drafted a will for her in which he was named beneficiary of a valuable letter written by George Washington to his Masonic Lodge. That will was not admitted to probate because it was succeeded by a will executed in November, 1980.[1] Shamas instituted this action against the estate to recover the same letter which he claims was delivered to him as a gift inter vivos. On the evening of delivery, Shamas allegedly left the letter at the decedent's house  for some seven months  because he was en route to another destination. At the time of Mrs. Curry's death the letter was found in the possession of her friend, Mrs. Leech.
Appellant, the personal representative and defendant below, raises two issues by this appeal: (1) the trial court erred in determining that the burden of proof required of the plaintiff was only the greater weight of the evidence, and (2) the trial court erred by refusing to permit the defendant's witness to testify to out-of-court statements of the decedent being offered to demonstrate that the decedent had no intent to give the letters to Shamas as a gift. Appellant is correct on both points.
*1059 If a confidential or fiduciary relationship is shown to exist between the donor and the donee, the gift is presumptively invalid and the burden is on the donee to show the fairness and validity of the gift. Crane v. Stulz, 136 So.2d 238 (Fla. 2d DCA 1961). This burden must be satisfied by clear and satisfactory evidence of every element which is requisite to constitute a gift. Burke v. Coons, 136 So.2d 235 (Fla. 2d DCA 1961), cert. denied, 140 So.2d 115 (Fla. 1962). In order for there to be a valid gift, there must be a complete and irrevocable surrender of dominion over the res, coupled with an intent then and there to pass title. A delivery which does not confer the present right to reduce the res into possession of the donee is insufficient. Kuebler v. Kuebler, 131 So.2d 211 (Fla. 2d DCA 1961), cert. dismissed, 139 So.2d 696 (Fla. 1962); Eulette v. Merrill Lynch, Pierce, Fenner and Beane, 101 So.2d 603 (Fla. 3d DCA 1958).
Here, Shamas' burden of proving the validity of the gift required more than the mere greater weight of the evidence. Plaintiff is held to the higher burden of proving by clear and convincing evidence every requisite element, i.e., delivery with an intent to make a gift. See Crane, 136 So.2d at 241.
We also agree with appellant's second point on appeal. The court permitted plaintiff's witnesses to testify that Mrs. Curry told them that she gave the letter to the plaintiff and that he left it at her house. The testimony of defendant's witness, Mrs. Leech, was excluded. Mrs. Leech would have testified that decedent gave her the letter to keep because she did not want the plaintiff to get his hands on it. The basis for the ruling which excluded the testimony is, argues appellee, that "the self-serving declarations of a donor made subsequent to an alleged gift are not, in general, admissible to impeach the transaction," citing several Florida authorities. We find none of the cited authorities supportive of the proposition.
The Evidence Code, Chapter 90, Florida Statutes (1983) is controlling and supersedes all prior inconsistent law. § 90.102, Fla. Stat. (1983). The Code provides first that: "All relevant evidence is admissible, except as provided by law." § 90.402. Second, the evidence the appellant sought to introduce, which bears directly on the issue of whether there was delivery with an intent to make a gift, is admissible as a hearsay exception under Section 90.803(3)(a):
(3) THEN EXISTING MENTAL, EMOTIONAL, OR PHYSICAL CONDITION. 
(a) A statement of the declarant's then existing state of mind, emotion, or physical sensation, including a statement of intent, plan, motive, design, mental feeling, pain, or bodily health, when such evidence is offered to:
1. Prove the declarant's state of mind, emotion, or physical sensation at that time or at any other time when such state is an issue in the action.
2. Prove or explain acts of subsequent conduct of the declarant.
The testimony of the defendant's witness as to statements made by the decedent after the date of a disputed transaction was not inadmissible under any rule of law.
Reversed and remanded for a new trial.
NOTES
[1] The final will of November, 1980, which was admitted to probate, was the subject of a prior appeal before this court, Shamas v. Ritter, 432 So.2d 128 (Fla. 3d DCA), rev. denied, 440 So.2d 353 (Fla. 1983), in which Shamas challenged the validity of the will based on undue influence. The facts set forth in the briefs of that case indicate that under the new will the members of the Shamas family, including George Shamas, were removed as beneficiaries. We rejected Shamas' contention that the new will was a product of undue influence.