566 So.2d 541 (1990)
Anna GEVERTZ, Appellant,
v.
Sandra GEVERTZ, et al., Appellees.
Nos. 89-2039, 89-2666.
District Court of Appeal of Florida, Third District.
August 7, 1990.
Rehearing Denied September 12, 1990.
*542 Stanley Jay Bartel, Miami, for appellant.
Phillip J. Goldstein, Miami, for appellees.
Before FERGUSON, JORGENSON and GODERICH, JJ.
JORGENSON, Judge.
Anna Gevertz appeals from a final judgment denying foreclosure and declaring a mortgage and note void. For the following reasons, we reverse.
In 1977, Anna and Morris Gevertz provided their son Leonard and his wife Sandra with $20,000 to help them purchase a house. At the closing on the house, Sandra and Leonard, who were represented by counsel, signed a document denominated a mortgage deed listing Leonard and Sandra as mortgagors and Morris and Anna as mortgagees. The document gave the senior Gevertzes a second mortgage on the property. The mortgage secured a note in which Sandra and Leonard agreed to pay Anna and Morris $20,000 upon demand, with interest at the rate of 5 1/2% per year. Anna and Morris did not record the mortgage until 1983. For five years after the closing, Sandra and Leonard paid interest. The elder Gevertzes declared the interest as income on their federal income tax returns.
In 1983, Sandra and Leonard separated and Sandra instituted dissolution of marriage proceedings. Their divorce was final in May, 1984. During the dissolution proceeding neither party mentioned the second mortgage held by Anna and Morris; neither party listed the mortgage or note in their financial affidavit. The trial court awarded the wife sole title to the marital residence, which was the house that carried the second mortgage held by Anna.[1]
In November, 1987, Anna's attorney sent a certified letter to Sandra demanding the balance of principal and interest due on the mortgage.[2] When Sandra did not pay, Anna filed a foreclosure action against her former daughter-in-law and a lis pendens on the property. Sandra filed a counterclaim against Anna alleging that the $20,000 had been a gift, that Anna had fraudulently induced Sandra to execute the note and mortgage, and that Anna had fraudulently concealed the existence of the mortgage from her.[3] Sandra also alleged that Anna had slandered her title. In her answer and affirmative defenses, Sandra alleged, inter alia, that the foreclosure action was barred by laches and equitable estoppel because Anna had recorded the mortgage seven years after Sandra and Leonard signed it.
The trial of the foreclosure action was heard by the same judge who presided over Sandra and Leonard's dissolution of marriage proceeding. Over objection of Anna's attorney, the trial court took judicial notice of the entire dissolution of marriage file.[4] The trial court entered judgment *543 for Sandra Gevertz on the foreclosure action, declaring the mortgage and note null and void and holding that the doctrine of laches barred Anna from foreclosing on the mortgage. The trial court entered judgment for Sandra on her counterclaim for slander of title, but awarded her only attorney's fees, and no damages. Anna appeals.
A careful review of the record reveals no competent substantial evidence to support the trial court's finding that the $20,000 provided to Sandra and Leonard by Leonard's parents was a gift. See Marrone v. Miami National Bank, 507 So.2d 652, 653 (Fla. 3d DCA 1987) (in non-jury case, "[t]his court will not disturb the trial court's findings, which are presumed correct, unless they are totally unsupported by competent and substantial evidence."). For there to be a valid gift, "there must be a complete and irrevocable surrender of dominion over the res, coupled with an intent then and there to pass title. A delivery which does not confer the [p]resent right to reduce the res into possession of the donee is insufficient." Ritter v. Shamas, 452 So.2d 1057, 1059 (Fla. 3d DCA 1984) (citations omitted). In this case, the transfer of money was evidenced by two written instruments  a mortgage and a note. In both instruments Sandra and Leonard Gevertz promised to pay Anna and Morris Gevertz principal and interest on the $20,000; both instruments were signed by Sandra and Leonard Gevertz. The elder Gevertzes received interest payments in accordance with the mortgage and note and declared them as income. These facts do not show that Anna and Morris surrendered dominion over or delivered the $20,000, but instead establish that the money was a loan. No evidence appears in the record that the money was, as Sandra alleges, a gift.
Foreclosure of the mortgage was not barred by the defense of laches.[5] To apply the doctrine of laches, the party asserting the defense must show that she had no knowledge that the plaintiff would assert the right on which the suit was based. Anna Gevertz sued on a note and mortgage signed by Sandra and duly recorded. Although Sandra asserted in the trial court that she was not aware that she was signing a mortgage and note, she may not escape liability on that ground. The law is clear that "[a] party to a written contract cannot defend against its enforcement on the ground that he signed it without reading it, unless he aver [sic] facts showing circumstances which prevented his reading the paper, or was induced by the statements of the other parties to desist from reading it." All Florida Surety Co. v. Coker, 88 So.2d 508, 510 (Fla. 1956) (citation omitted). Sandra presented no evidence that she was prevented or deterred from reading the instruments that she signed. In fact, she and her husband were represented by counsel at the closing on the house.[6]
To bar enforcement of Anna's claim on the ground of laches, Sandra also had the burden of proving that she was in some way prejudiced by Anna's delay in asserting rights under the mortgage and note. Any delay by Anna in enforcing her rights acted only to Sandra's benefit "in permitting her to remain in her home; plainly, there was no showing of a detriment or disadvantage to the defendant occasioned by the delay, which is indispensable to a finding of laches." Florance v. Johnson, 366 So.2d 527, 528 (Fla. 3d DCA 1979). Sandra's claim that Anna was estopped from asserting her rights under the note and mortgage by reason of her delay in *544 recording the mortgage is without foundation. Florida law does not require that a mortgage be recorded within a certain time period in order to be enforceable.[7]
Because the trial court erred in determining that the $20,000 was a gift to Sandra and Leonard Gevertz and in declaring the note and mortgage null and void, we reverse the final judgment and remand with directions to enter a judgment of foreclosure. We likewise reverse the judgment entered for Sandra on her counterclaim for slander of title and the award of attorney's fees.[8]
Reversed and remanded with directions.
NOTES
[1] Morris Gevertz died in 1985.
[2] It is not clear from the record whether Anna had demanded payment from Sandra before this letter was sent.
[3] Sandra also filed a third-party complaint against her former husband, alleging fraudulent inducement, fraudulent concealment, and contribution. Leonard Gevertz is institutionalized, as he suffers from multiple sclerosis and a variety of other debilitating conditions. Because of Leonard's medical condition, trial of the third-party complaint was bifurcated.
[4] Anna Gevertz was not a party and did not testify in the dissolution proceeding. In light of our disposition of this appeal, we do not address the question of whether the trial court erred in taking judicial notice of the dissolution file.
[5] Laches generally "does not come into play until the period prescribed by the applicable statute of limitations has expired." Briggs v. Estate of Geelhoed, 543 So.2d 332, 333 (Fla. 4th DCA 1989) (citations omitted). However, "where strong equities appear..., laches may be applied before the statute of limitations has expired." Smith v. Branch, 391 So.2d 797, 798 (Fla. 2d DCA 1980). Because the statute of limitations had not run here, see Smith, 391 So.2d at 798 (action to foreclose a mortgage accrues when first written demand for payment is made; five-year limitations period begins at that point); the trial court applied (erroneously) principles of equity in ruling on the defense of laches.
[6] The same attorney represented Sandra in the mortgage foreclosure action and this appeal.
[7] When a mortgage is recorded of course affects its priority over other liens or encumbrances on the property. However, lien priority is not at issue here.
[8] On remand, Sandra may wish to revive her third party action against her former husband for contribution. The third party complaint was severed from the main action, and the record on appeal contains no further information on its disposition.