742 So.2d 859 (1999)
Sheila BURNETT, n/k/a Sheila Graham, Appellant,
v.
Luther BURNETT, Appellee.
No. 98-03968.
District Court of Appeal of Florida, Second District.
October 13, 1999.
*860 James S. Garbett of James S. Garbett, P.A., Tampa, for Appellant.
James H. Buzbee, Plant City, for Appellee.
PER CURIAM.
Sheila Burnett (the Former Wife) appeals the final judgment of partition and modification of dissolution of marriage awarding her interest in the marital residence to Luther Burnett (the Former Husband) upon his payment of a sum into trust. Because the trial court failed to fully assess the rights and interests of the parties in the marital residence, we reverse.
In 1986 the trial court entered a final judgment of dissolution between the Former Wife and the Former Husband, awarding exclusive possession of the marital residence to the Former Wife to provide a residence for the two minor children with the provision that she pay all of the mortgage payments. In 1989 the Former Husband filed a petition for modification, which the trial court granted, awarding him use and possession of the marital residence to provide a residence for the minor children, and providing that the parties agree upon a sale price for the marital residence and list the residence for sale within forty-five days. At some point thereafter, the minor children left the marital residence. For reasons not reflected in the record, the residence was never listed for sale.
In 1997 the Former Husband filed a complaint for partition and modification of the final judgment of dissolution. His complaint sought reimbursement of all mortgage payments, taxes, insurance, repairs, and other expenses that he had incurred. The complaint also requested that the court declare a lien that had been recorded against the Former Wife to be invalid or, in the alternative, for the court to set off the lien amount against any proceeds due to the Former Wife.
Nine months later, the trial court entered a final judgment of partition and modification of the final judgment of dissolution, in which the trial court found that (1) the marital residence was homestead property; (2) General Motors Acceptance *861 Corporation (GMAC) held a 1991 recorded final judgment lien in the amount of $8,630.39 against the Former Wife; (3) the GMAC judgment lien was placed against the marital residence during the Former Husband's exclusive use and possession of the residence; (4) the GMAC debt was the Former Wife's sole responsibility; (5) the Former Husband was entitled to exclusive use and possession of the marital residence; (6) the Former Wife has made no mortgage payments since 1989; and (7) the Former Wife was entitled to $4095, calculated to be one-half of the mortgage payments during her occupancy of the marital residence. The final judgment ordered the Former Husband to pay $4095 into his attorney's trust account, which was to be paid to the Former Wife upon proof to the trial court that the title to the marital residence was insurable against the GMAC lien. Upon payment of the $4095 by the Former Husband, the court would sign an order transferring the Former Wife's interest in the marital residence to the Former Husband. In the event that the Former Husband did not pay the $4095, the court retained jurisdiction to order the sale of the residence and to divide the equities thereafter.
The records, briefs, and oral argument provided by the attorneys have failed to satisfy this court that the trial court correctly proceeded with the Former Husband's complaint for partition. Section 64.051, Florida Statutes (1997), dictates the court's role in a partition proceeding: "The court shall adjudge the rights and interests of the parties, and that partition be made if it appears that the parties are entitled to it." In this case, the trial court arrived at the conclusion that the Former Husband was entitled to the Former Wife's equity in the marital residence upon the payment of $4095 without making specific findings regarding both parties' interests in the residence. Although it is possible that the end result may be the same as the final judgment appealed to this court, this court does not, upon this record, have the basis to make that determination.
At the hearing on the motion for partition and modification of final judgment of dissolution of marriage, the trial court made no finding of the value of the marital residence or of the residential obligations that the Former Husband may have paid. Because a tenant who pays obligations such as mortgage payments, taxes, liens, and repairs is entitled to credit from the proceeds of the sale for the cotenant's proportionate share of those obligations, see Kelly v. Kelly, 583 So.2d 667, 668 (Fla.1991), the trial court should have made findings concerning these obligations. In addition, the trial court did not hear estimates of the rental value of the marital residence, which may be pertinent because the minor children no longer reside at the residence. See Fitzgerald v. Fitzgerald, 558 So.2d 122, 126 (Fla. 1st DCA 1990) (holding that out-of-possession spouse/co-tenant is entitled to one-half of the rental value of the residence where the exclusive use and occupancy of the residence is contingent upon the residence of at least one minor child and no minor child resided there).
Furthermore, by entitling the final judgment a "final judgment of partition," the trial court has suggested it provided a remedy that is not to be found in the final judgment. In a partition, the trial court must make a finding of the value of the marital residence, order its sale, and then direct that the proceeds of the sale be impounded subject to an ancillary proceeding to establish the credits due between the parties in order to determine the final amounts to be awarded to each of them. See § 64.051-64.071, Fla. Stat. (1997); Chaney v. Chaney, 619 So.2d 440, 441 (Fla. 2d DCA 1993).
Because the trial court failed to fully assess the rights and interests of the parties in this case, the trial court erred in entering a final judgment of partition and modification of the final judgment of dissolution. *862 Therefore, we reverse and remand for the trial court to carry out the partition proceedings in accordance with section 64.051, Florida Statutes (1997).
Reversed and remanded.
PARKER, A.C.J., and BLUE, J., and SCHEB, JOHN M., (Senior) Judge, Concur.