909 So.2d 969 (2005)
Dennis L. RASMUSSEN, Appellant,
v.
Janet RASMUSSEN, Appellee.
No. 2D04-3679.
District Court of Appeal of Florida, Second District.
September 7, 2005.
Emma J. Joels and Jo Ellen Silberstein of Abel, Band, Russell, Collier, Pitchford & Gordon, Chartered, Sarasota, for Appellant.
Lawrence J. Hodz and Jeffrey Lee Gordon of Maney & Gordon, P.A., Tampa, for Appellee.
CANADY, Judge.
Dennis L. Rasmussen, the husband, appeals the final judgment adjudicating property rights entered in connection with the dissolution of his marriage to Janet Rasmussen, the wife. The husband challenges the equitable distribution of assets, which was based on the trial court's determination that a handwritten note made by the husband was effective to make a gift of all the husband's assets to the wife. Because the note did not express a present intent to transfer the husband's property to the wife, we conclude that it was not effective as a gift of that property and thus the *970 property did not become marital property subject to equitable distribution. We therefore reverse the final judgment's distribution of the parties' assets. The remaining portions of the final judgment are not challenged on appeal and are therefore affirmed.
The note signed by the husband, dated June 10, 1999, and bearing the signature and stamp of a notary public (but without a jurat or acknowledgment) stated:
I, Dennis Rasmussen, in sound mind and body, wish to have my wife, Jan S. Rasmussen, receive all property, including personall [sic], in the event of death or separation. I hereby give up any right of any joint or individually held monetary [sic] and property due to any of the above circumstances.
This agreement will remain in effect until an [sic] mutually agreed upon revision replaces the above.
(Emphasis added.)
After the wife filed her petition for dissolution of marriage on April 18, 2003, she filed an emergency motion for the entry of an order adjudicating property rights, in which she sought a determination by the trial court that the note of June 10, 1999, had effected a gift to her of all the husband's property. The wife claimed entitlement to, among other assets, the husband's individual retirement account (IRA), which was invested as a viatical, as well as the husband's pension as a major league baseball player and items of baseball memorabilia.
In ruling on the wife's claims, the trial court found that "[t]he husband's June 10, 1999[,] handwritten memorandum was prepared prior to the Husband commencing extensive travel during his employment as a coach with the Boston Red Sox." The court determined in the final judgment that the note "does constitute a gift to the Wife of all interests the Husband has in marital and non-marital assets." Based on that determination, the court ruled that "the Pension and the IRA/Viatical are now marital assets subject to equitable distribution." The final judgment further provided that "the Pension and the IRA/Viatical shall be equally divided between the Husband and the Wife." These assets were acquired by the husband prior to the marriage and thus would be nonmarital assets unless their status was altered by the note of June 10, 1999.
We have previously outlined the principles used for determining whether there has been a valid gift:
It is well settled that to effectively pass title by gift there must be a surrender of dominion over the res, coupled with the intent then and there to pass title. In other words, there must be an immediate vesting of some interest in the donee, complete and irrevocable. If the donor withholds divestiture it is not a legal gift. A delivery which does not confer the present right to reduce the res into possession of the donee is insufficient.
Kuebler v. Kuebler, 131 So.2d 211, 215 (Fla. 2d DCA 1961); see also Ritter v. Shamas, 452 So.2d 1057 (Fla. 3d DCA 1984); Winner v. Winner, 370 So.2d 845 (Fla. 3d DCA 1979). Accordingly, "a mere intention to give in the future, however well shown, gives rise to no obligation which the law will recognize or enforce." In re Slawson's Estate, 41 So.2d 324, 327 (Fla.1949) (internal quotation marks omitted).
Under these principles, the note of June 6, 1999, did not make a valid gift of the husband's property to the wife. According to the terms of the note, the wife's rights would come into existence only "in the event of death or separation." The note thus provided for a conditional, future *971 transfer of the property; it did not give the wife a present right to the property. Since the note was ineffective as a gift of the husband's property to the wife, the trial court erred in treating the assets in question as marital assets subject to equitable distribution.
The final judgment is reversed in part, and the case is remanded for further proceedings consistent with this opinion.
Reversed in part; affirmed in part; remanded.
DAVIS and WALLACE, JJ., Concur.