992 So.2d 867 (2008)
Frederick G. McFALL and Virginia R. McFall, Appellants,
v.
Dennis J. TRUBEY, Donald S. Trubey, and Douglas C. Trubey, as Successor Trustees of the W. Leslie Trubey Trust, Appellees.
No. 2D07-1933.
District Court of Appeal of Florida, Second District.
October 3, 2008.
*868 John K. Finch, Safety Harbor, for Appellants.
David A. Bacon of Bacon & Bacon, P.A., St. Petersburg, for Appellees.
NORTHCUTT, Chief Judge.
The McFalls challenge a judgment allocating proceeds from the sales of two real properties during the course of a partition action. We reverse because the circuit court erroneously imposed a four-year limitation on the McFalls' right to claim credits for property expenses they paid on behalf of their cotenant.
The McFalls and the W. Leslie Trubey Trust owned two real properties, a condominium unit bought in 1985 and a house purchased in 1987, as tenants in common.[1] The McFalls held an undivided one-half interest in the properties, and the Trust owned the other one-half interest. W. Leslie Trubey, the original trustee of the Trust, died in 1985. Thereafter, Mr. McFall and Dennis Trubey, who was Leslie Trubey's son and a successor trustee, managed the rental of the condominium unit and discussed selling both properties. But in 1987, Dennis Trubey moved away from the area. Between that time and 2002, the McFalls and the Trubeys had no contact. The bills for the property taxes, condominium fees, utilities, and insurance were mailed to Mr. McFall, and he paid them. He also paid for the maintenance, upkeep, and repair of the properties.
When the parties resumed contact, they could not agree about the amounts owed to the McFalls. In 2004 the McFalls sued for partition, alleging that the properties were indivisible and should be sold. They also alleged that they had paid the Trust's share of the property expenses beginning in 1987. They asked the court to perform an accounting and to credit them accordingly upon the division of the sales proceeds. The Trust filed an affirmative defense in which it maintained that the *869 McFalls' claims were barred in whole or part by the applicable statute of limitations. During the litigation the properties were sold pursuant to the parties' stipulation. The net sales proceeds were deposited in an escrow account pending their allocation by the court.
In its final judgment, the circuit court focused on the absence of a written agreement addressing the parties' responsibilities for paying the property expenses. It determined that the McFalls' action sought to enforce an agreement not founded on a written instrument and applied the four-year statute of limitations applicable to such suits, § 95.11(3)(k), Fla. Stat. (2003). Accordingly, the court limited the McFalls' reimbursement to expenses paid during the four years preceding the filing of their lawsuit in February 2004. The court awarded them prejudgment interest on that amount.
The circuit court was mistaken to view this dispute as a matter of contract. Rather, responsibility for property expenses in a tenancy in common is prescribed by law in the absence of an agreement specifying otherwise. "The rule applicable to tenancies in common is that all owners contribute equally to the maintenance of the ownership interest in the property." Kelly v. Kelly, 583 So.2d 667, 668 (Fla.1991). Thus no agreement, written or unwritten, was necessary because the parties' obligations arose from the tenancy itself. Goolsby v. Wiley, 547 So.2d 227, 228 (Fla. 4th DCA 1989) (noting that certain attributes of a tenancy in common, such as the proposition that each cotenant is required to pay the obligations of the property, attach by operation of law and that a cotenant's right to reimbursement is postponed until the property is partitioned or otherwise sold).
A tenant who pays his cotenant's proportional share of expenses such as mortgage payments, taxes, and necessary repairs is entitled to credit for those payments against sale proceeds. Burnett v. Burnett, 742 So.2d 859, 861 (Fla. 2d DCA 1999); see also Biondo v. Powers, 743 So.2d 161, 164 (Fla. 4th DCA 1999). The McFalls properly sought credit for the amounts they expended on the properties in their suit for partition. See Schroeder v. Lawhon, 922 So.2d 285, 296 (Fla. 2d DCA 2006) (noting that it is appropriate in a partition action for the court to adjust the parties' liabilities for payments of expenses such as past real estate taxes).[2]
A suit for partition of real property is one in chancery. § 64.011, Fla. Stat. (2003). Statutes of limitations are not generally applied in equity actions. Mount Sinai Hosp. of Greater Miami, Inc. v. Cordis Corp., 285 So.2d 645, 646 (Fla. 3d DCA 1973); see also Smith v. City of Arcadia, 185 So.2d 762, 764 (Fla. 2d DCA 1966). While laches of a cotenant may in some circumstances defeat his suit for partition, mere inaction over a lengthy period of time is not one of those situations. See Russell v. Stickney, 62 Fla. 569, 56 So. 691, 694 (1911) (finding that cotenants' partition action commenced twenty-eight years after title was conveyed was not barred by laches); cf. Bucacci v. Boutin, 933 So.2d 580 *870 (Fla. 3d DCA 2006) (allowing action for partition when cotenancy began in 1986 and suit was filed in 2001); Inglis v. First Union Nat'l Bank, 797 So.2d 26 (Fla. 1st DCA 2001) (remanding for proceedings on partition claim when cotenancy began in 1975 and suit was filed in 1997).
Section 95.11(6), which states that laches "shall bar any action unless it is commenced within the time provided for legal actions concerning the same subject matter," is likewise inapplicable. As we observed in Corinthian Investments, Inc. v. Reeder, 555 So.2d 871, 874 (Fla. 2d DCA 1989), the term "the same subject matter" in that statute means "the same cause of action." There is no legal action that is equivalent to a partition action. Accordingly, section 95.11(6) cannot bar the McFalls' suit. See id. at 875.
We reverse the circuit court's determination that the McFalls were entitled to reimbursement only for amounts expended after February 2000. We remand for further proceedings on this issue in accordance with this opinion. But in doing so, we note that the court also erred in awarding the McFalls prejudgment interest on the amounts they expended on the properties.
As we have discussed, cotenants have a mutual obligation to pay expenses for the co-owned property. "Thus, upon partition, a cotenant paying obligations of the property is entitled to a credit from the proceeds of the sale for the other cotenant's proportional share of those expenses." Biondo, 743 So.2d at 164 (emphasis supplied). In a partition action, the court impounds the fund consisting of the proceeds of sale and conducts proceedings to establish the credits due to the parties and to determine the final amount awarded to each. Burnett, 742 So.2d at 861. The amounts the McFalls seek are not "damages" to be paid by the Trust. Rather, as we explained in Burnett, they are simply "credits" to be awarded in the allocation of the fund. The McFalls' right to receive these credits did not arise until the properties were sold and the fund created. Goolsby, 547 So.2d at 228. As such, the McFalls are not entitled to prejudgment interest. Cf. Paoli v. Natherson, 732 So.2d 486, 488 (Fla. 2d DCA 1999) (reversing an award of prejudgment interest on an equitable claim for an accounting because no debt was due until the accounting was completed).
Reversed and remanded.
WHATLEY and DAVIS, JJ., Concur.
NOTES
[1] Title to the house was originally held in a corporation, 4200, Inc. Mr. McFall and Mr. Leslie Trubey were the primary shareholders of the corporation. The corporation transferred the property to its present owners in 1987.
[2] In their pleadings the McFalls alleged, among other things, that they were entitled to a "contribution" for their payment of the Trust's share of the property expenses. Judging by some of the arguments made below and on appeal, the use of this term caused some confusion about the nature of the McFalls' cause of action. It is clear, however, that they did not demand a money judgment founded on a traditional contribution claim. Rather, they sought to have the properties sold and to receive a credit for their payment of the property expenses in the allocation of the sales proceeds. In other words, the McFalls' suit was, plainly and simply, an action for partition.