# Third District Court of Appeal

## State of Florida

Opinion filed June 18, 2026.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D25-1759
Lower Tribunal No. 19-25792-CA-01

————————

**Lucretia J. Vann,**
Appellant,

vs.

**Boncidium, LLC,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Javier Enriquez, Judge.

Lucretia J. Vann, in proper person.

Law Offices of Damian G. Waldman, P.A., and Damian G. Waldman, and Farha Ahmend (Largo), for appellee.

Before FERNANDEZ, LOBREE and GOODEN, JJ.

PER CURIAM.

Affirmed. See § 671.201(23)(a), Fla. Stat. (2025) ("'Holder' means . . . [t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession"); § 673.3011, Fla. Stat. (2025) ("The term 'person entitled to enforce' an instrument means . . . [t]he holder of the instrument"); Gevertz v. Gevertz, 566 So. 2d 541, 544 (Fla. 3d DCA 1990) ("Florida law does not require that a mortgage be recorded within a certain time period in order to be enforceable."); Wolkoff v. Am. Home Mortg. Servicing, Inc., 153 So. 3d 280, 281 (Fla. 2d DCA 2014) ("Typically a foreclosure plaintiff proves the amount of indebtedness through the testimony of a competent witness who can authenticate the mortgagee's business records and confirm that they accurately reflect the amount owed on the mortgage. Thereafter, the business records are admitted into evidence."); Bank of N.Y. v. Calloway, 157 So. 3d 1064, 1071 (Fla. 4th DCA 2015) ("Where a business takes custody of another business's records and integrates them within its own records, the acquired records are treated as having been 'made' by the successor business, such that both records constitute the successor business's singular 'business record.' However, since records crafted by a separate business lack the hallmarks of reliability inherent in a business's self-generated records, proponents must demonstrate not only that 'the other

2

requirements of [the business records exception rule] are met' but also that the successor business relies upon those records and 'the circumstances indicate the records are trustworthy.'") (internal citation omitted); § 90.803(6)(a), Fla. Stat. (2025).