STONE, Judge.
We reverse a summary judgment in favor of First Union National Bank of Florida (the bank). The trial court erred in concluding that the statute of limitations governing claims against sureties and guarantors barred Palm Beach County’s (the county) claim against the bank.
The suit involves a bank account established as an “escrow” with the bank in accordance with the terms of a contract between the county and Stelar Corporation, a land developer. That agreement, entered into in 1983, provided for establishing an escrow account, and that in the event the developer failed to construct certain improvements, the bank would pay the funds in the account to the county. The bank was not a party to that agreement.
It is undisputed that the account was then established as agreed and fully funded at inception by the developer. The terms of the account were that the bank would pay the funds in the account to the county upon its notifying the bank in writing of the developer’s default. The escrow agreement states, in part:
[T]he [bank] agrees to pay to the County, immediately upon demand, the balance of the funds held in escrow by the [bank], as of the date of the demand, provided that [the county shall have given a written statement signed by the county engineer to the bank].
The bank did not undertake to act as a surety, guarantor, insurer, or to act in any capacity other than as a bank depository obligated to honor the terms of its escrow account agreement.
It was initially anticipated, under the contract between the county and developer, that the improvements would be installed in 1984. However, the county gave several extensions to the developer, the last being in 1986. The county made no written demand on the bank until 1993; however, the bank contends that an oral request of some sort was made in 1986.
There is currently litigation between the developer and the county to determine if Stelar defaulted on its obligations. This action was filed as a third party claim against the bank and was tried separately. The trial court concluded that the five year limitations period governing guarantees of performance applied to these facts. The trial court also determined that any cause of action that the county had against the bank must have accrued in 1986 when the developer failed to perform within the last extension of time reflected in the record, relying on Stoudenmire v. Florida Loan Co., 117 So.2d 500 (Fla. 1st DCA), cert. discharged, 122 So.2d 779 (Fla.1960).
We conclude that the bank’s obligation under its account is not as a guarantor or surety. Therefore, Stoudemnire and other cases relied upon by the bank relating to guarantees and suretyship are inapposite. In any event, applying the terms of the escrow, any applicable limitations period would *1056 not have commenced until a written demand was made upon the bank or payment refused. We note that the bank does not contend that any banking statute or regulation controls here. If the bank were in doubt as to its obligations absent a written demand, it could have sought declaratory relief.
As the suit remains in the pleading stage, we do not address the possibility of other defenses. The additional issue raised on appeal is mooted by this opinion. Therefore, we reverse and remand for further proceedings.
PARIENTE and SHAHOOD, JJ., concur.