Suit by Bertha T. Kimball against Val. Syerson. From an order denying a motion to dismiss the bill of complaint, defendant petitions for certiorari.
Petition granted and order of chancellor reversed with leave to amend subject to the discretion of the chancellor.
This cause reaches us on petition for certiorari to review the order of the Chancellor denying the motion of petitioner, defendant in the court below, to dismiss the bill of complaint.
The record shows that respondent herein, plaintiff in the trial court, filed her bill of complaint on November 23, 1948, seeking re-formation of four promissory notes and a decree adjudging the defendant to be indebted to plaintiff in the sum evidenced by the notes, plus interest, and to require defendant to repay plaintiff this amount. Three of the notes were executed on June 15, 1935, and the other on June 15, 1937. The notes are made payable to the order of respondent and are payable "on demand after date" and bear 6% interest. Written in immediately following the notation of 6% interest are the words: "In case of my death this is a preferred claim against my Estate." On the signature line appears the name "Val Syerson, Inc." and immediately below "Val Syerson, Pres." In the bottom left-hand corner appear the words "not negotiable."
The bill alleges in substance that Val Syerson, a man experienced in business affairs, befriended respondent, a widow, and over a period of time a close association developed between the two, as a result of which petitioner became a confidant, instructing, counseling, and cautioning her in regard to business matters; that during this time respondent deposited with Val Syerson for safekeeping many of her valuables, among which were four United States Government Bonds; that at some subsequent date petitioner persuaded respondent to cash the Government Bonds and lend him the proceeds for use in his business, which he represented to be prosperous and lucrative; that respondent agreed to this proposition, cashed the bonds, and turned the proceeds over to him, and that petitioner then executed the four notes here sued upon, and respondent accepted them, believing them to be the individual promissory notes of Val Syerson, the latter having so represented them.
The bill then alleges that respondent, feeling that the funds were secure, made no demand for payment of either interest or principal until just prior to the institution of this suit, when, being in need of funds, she employed counsel and instructed him to present the notes and collect the same. It was at this time that respondent first learned that the notes were not the individual notes of the petitioner, but that petitioner had "deceitfully and with fraudulent intent," executed them in the name of "Val Syerson, Inc.," intending "to evade all personal liability on his part for the moneys which he had personally borrowed."
Continuing, the bill alleges that Val Syerson, Incorporated, had been a small holding corporation which was dissolved by proclamation of the Governor on August 31, 1940, leaving no assets. This corporation had been formed only a month prior to the loan transaction between these parties, and the bill alleges that it was "a fraudulent undertaking" on the part of Val Syerson "in furtherance of a scheme to deceive and defraud this plaintiff out of the funds represented by the Government *Page 782 
Bonds." Respondent further alleges that within ninety days after the discovery of the attempted fraud, she presented the notes to petitioner and demanded payment, which was refused.
To this bill petitioner addressed a motion to dismiss, bottomed inter alia on laches. The motion was denied and the case is brought here for our review.
In support of his motion, petitioner argues that the notes are long barred at law by the statute of limitations and that re-formation of the notes as prayed, by merely striking the abbreviations "Inc.," and "Pres." from the first and second signature lines, will not alter the tenor of the notes in so far as the date is concerned and they would still be barred at law. Petitioner invokes the rule that where purely legal rights are asserted, equity follows the law.
Respondent on the other hand urges that his bill is predicated upon the fraud of petitioner and that she has alleged that the fraud was discovered within three months of the bringing of this suit. Her position, then, is that in determining the question of laches the statute of limitations applicable to actions for fraud should be applied.
Parenthetically, respondent does not deny that the notes in question are demand notes, nor does she deny that the applicable statute of limitations of five years, Sec. 95.11, F.S. 1941, F.S.A., begins to run from the date of execution or issuance.
The respondent seeks (1) to re-form these notes as of their original date and (2) to have the court enforce them against petitioner by adjudging him to be indebted to her in an amount equal to their face value plus interest at 6% for the entire period. Thus, aside from re-formation, respondent asserts legal rights. All the allegations of the bill heretofore summarized are addressed to petitioner's alleged deceit in executing these notes in the name of a now defunct corporation of which he was president, instead of in his own name. Aside from the bare allegation that "except for the defendant's cunning, deceit, and fraudulent concealment of his betrayal of her confidence in him, she would have long ago instituted such action as was found necessary to protect her interest in the matter," there is no averment that petitioner in any way prevented her from asserting her rights, such as absence from the jurisdiction, etc.
Assuming that respondent has stated a case entitling her to a re-formation of the notes, in the manner prayed, it is clear that re-formation can give respondent no greater rights than those to which she was entitled had the notes been executed in the proper manner in the first instance. This is all that re-formation seeks to do — re-form the instrument to conform to the original intention of the parties. Pomeroy's Equity Jurisprudence (2d ed. 1919), Secs. 2096 and 2097. At times equity will, ancillary to re-formation, enforce the instrument so re-formed in furtherance of the doctrine that once equity properly takes jurisdiction it will grant complete relief to the parties and end the controversy, even though it adjudicates purely legal rights. 1 Pomeroy's Jurisprudence (4th ed. 1918) Sec. 181. Respondent's ability to enforce the notes in equity, once barred at law, must depend upon some other equitable feature excusing the long delay in asserting her rights. Fraud, deceit, breach of trust by one in a fiduciary capacity whose misconduct was the effective cause of a claimant's failure to assert his or her rights may well be made the basis of relief in equity against the perpetrator to enforce an instrument barred at law; but suffice it to say that respondent has failed to allege any such grounds to excuse her delay.
The petition for certiorari is granted and the order of the Chancellor is reversed, with leave for respondent to amend, subject to the discretion of the Chancellor in the matter.
ADAMS, C.J., and TERRELL and THOMAS, JJ., concur. *Page 783