STURGIS, Judge.
The appellant, C. A. Stoudenmire, plaintiff below, seeks review of a final summary judgment rendered for the defendant below, Florida Loan Company, Inc., in an action at law to recover damages for an alleged breach of an oral agreement of the defendant to repurchase from the plaintiff or resell for his account, within fourteen days after notice and at a stated amount, preferred stock of the defendant corporation which it sold to the plaintiff at the time of the agreement.
The defendant’s answer presented several affirmative defenses, one of which developed an issue of fact as to whether the action is barred by the three year statute of limitations (Section 95.11(5) (e), Florida Statutes, F.S.A.) governing an agreement not in writing. It is apparent that the summary judgment was entered, in the light of the allegations of the complaint and the proofs submitted, on the premise that as a matter of law the action is barred by the statute.
It is appellant’s contention that the cause of action did not accrue until the lapse of a reasonable period of time (following demand to repurchase or resell the stock in accordance with the agreement) after it was made known to plaintiff that defendant would not perform the undertaking to repurchase or resell; that the statute of limitations did not commence to run until the date of such being known to appellant. The proofs before the trial court on the motion for summary judgment conclusively demonstrate that suit was commenced within three years from the date plaintiff gave notice to defendant of his demand that defendant resell or repurchase the stock. Appellant also insists that the proofs before the court on the motion for summary judgment present a disputed question of fact as to whether the time of giving the notice to resell or repurchase the stock was extended to a date less than three years from the date suit was commenced.
*502 Appellee concedes that validity of the summary judgment rests exclusively on the theory that the statute of limitations commenced to run on the date of the alleged agreement. That date is shown in the complaint to be more than three years prior to the commencement of the suit. Appellee also insists that the proofs do not show that the running of the three year statute of limitations governing this action was tolled by any subsequent transaction.
We find no Florida precedent directly resolving the question of whether the statute of limitations upon the oral contract here involved runs from the date of the contract, as appellee insists, or, as appellant contends, from the date that it is made known to the purchaser, after he has given notice to the seller to repurchase or resell the stock for his account, that the seller will not comply with its undertaking. Decisions of other jurisdictions are to some extent in confusion, primarily because the facts vary to great extent. A strong majority hold that the time mentioned in the statute of limitations for bringing suit, calculated from the date of the contract, is to be taken as the reasonable time within which demand must be made by the purchaser on the seller for performance, and that failing such demand within that time, the action is barred by the statute. This is the general effect of the rule followed by the federal courts, and by the state courts of Alabama, California, Colorado, Connecticut, Georgia, Indiana, Iowa, Massachusetts, Minnesota, Missouri, New York, Pennsylvania, Rhode Island, Texas, Vermont, Washington, and West Virginia. See 159 A.L.R. 1043.
The case of Smith v. Middle States Utility Co., 1940, 228 Iowa 686, 293 N.W. 59, 64, involved an agreement of a corporation to repurchase its stock at any time. That is the effect of the time element in the case here on appeal. In holding that a demand for a repurchase made within two years was reasonable when considered in the light of a five year statute of limitations Code 1939, § 11007, applicable in Iowa, the Supreme Court of Iowa stated the rule thus:
“ * * * where a demand or some other act is required of a plaintiff as a condition precedent to his right to sue, ‘the demand must be made in a reasonable time, and this time, unless there be some special circumstances shown, will be fixed in analogy to the statute of limitations.’ ”
In Wilkins v. Cauffiel, 1927, 91 Pa.Super. 396, it was held that the agreement of an agent selling stock to plaintiff to “stand back of it” and give plaintiff his money back “at any time” he became dissatisfied with his purchase, meant at most that the demand should be made within a reasonable time according to the circumstances and not beyond the period prescribed by the statute of limitations.
In another Iowa case (Wilson v. Iowa Southern Utilities Co. of Del., 1940, 228 Iowa 724, 293 N.W. 77) there was an oral agreement to repurchase stock at any time. The Iowa five year statute of limitations was applicable to the action. Plaintiff’s demand to repurchase was made eight years after the oral agreement was entered into. The court held, in the light of the statute, that the action was barred, that the delay of eight years after the sale before any demand for a repurchase was made was prima facie unreasonable.
In Magee v. Mercantile-Commerce Bank & Trust Co., 343 Mo. 1022, 124 S.W.2d 1121, it was held that the five year limitation period, Mo.St.Ann. § 862, subd. 5, p. 1143, applicable in Missouri to oral contracts was the limit of the period that could be considered “reasonable time” within which to take advantage of the bank’s oral agreement to repurchase bonds from the buyer at any time at par.
In Beverly v. Richards, 1931, 255 Mich. 508, 238 N.W. 270, where the agreement was to repurchase the stock “at any time” the purchaser might desire, it was held that the right to demand performance thereun *503 der was to be exercised within a reasonable time “and, to say the least, such time could not exceed the period fixed by the statute of limitations.” To the same effect see Goodale v. Midwest Dairy Products Corp., 1934, 275 Ill.App. 252; McNeely v. Bookmyer, 1928, 292 Pa. 12, 140 A. 542.
The case of Haworth v. Hubbard, Ind.App., 40 N.E.2d 1000, relied on by appellant, involved a written agreement to repurchase stock at full value and no time limit was imposed. In holding the cause actionable, it was pointed out that the notice to repurchase was given within the period provided by the statute of limitations controlling the action. In line with the majority rule, the Indiana court specifically held (page 1003):
“Before any liability could accrue on this contract to repurchase, a notice so to do was necessary. When no time is fixed for the giving of such notice it must be given within the period of limitation of the action.”
In Brandon v. Pittman, 1934, 117 Fla. 678, 158 So. 443, 445, the Supreme Court of this State determined a “reasonable time” to be in analogy to the applicable statute of limitations. The suit involved a written promise not under seal to the effect that the defendant would personally guarantee to the plaintiff that the Central Public Service Corporation would be pleased at any time to refund to plaintiff within a reasonable length of time the amount that she had in its stock, and specifically stated: “Of course, you understand that if you should bring the stock in to us it will take at least six to seven days for you to receive remittance from the Chicago office to cover the amount you have in this stock.” The pleadings raised the question that the guaranty was limited by its terms to a refund to be made within a reasonable length of time, and that it was not shown that demand for a refund was made under the terms of the guaranty within a reasonable length of time. After pointing out that there was substantial evidence supporting the guaranty and that the purchaser was induced-to buy the stock by reason thereof, the Supreme Court said:
“Plaintiff in error contends that under the terms of the guarantee the plaintiffs failed to maintain their case because the plaintiffs did not exercise the option to return the stock and have their money refunded within the terms of the guarantee, in that the demand was not made until early in 1932, while the guarantee was made March 21, 1930.
“This contention is not tenable, because the instrument in writing not under seal was good for five years under our Statutes, (Comp.Gen.Law 1927, § 4663, Subd. (3)), and, aside from this, the record shows that, when demand was made, Mr. Brandon then assured Miss Pittman that she would get her money back.”
The undisputed proofs before the lower court reflect that it was six years and eight months after the alleged oral agreement when the appellant first made a formal demand upon the defendant to comply therewith. Thus, more than three years had expired subsequent to the expiration of the three years provided by the statute. It was approximately four years after the expiration of the statute when this suit was filed.
We adopt the hereinabove stated rule in Smith v. Middle States Utility Co., supra. On the basis thereof, it follows that unless there was presented to the trial court by the proofs before it on the motion for summary judgment substantial evidence creating an issue of fact on the question of whether the statute of limitations was tolled pursuant to transactions between the parties occurring subsequent to the date of the agreement sued on, the summary final judgment entered herein would be correct in all respects, and we now turn to a discussion of that issue.
The appellant’s brief, without including the applicable testimony as part of *504 the appendix thereto, and without giving the page reference to the record where such testimony might be found, as required by Florida Appellate Rule 3.7, 31 F.S.A., merely makes the point that the deposition and affidavits before the court will show that the contract in question was mutually extended from time to time by agreement between the appellant and appellee’s officers. Lacking such appendix and references, and considering the dearth of argument on the subject, we would be entirely justified in treating the point as abandoned. We have nevertheless carefully examined the proofs in the mentioned aspect of appellant’s contention, but find nothing therein upon which to rest a valid agreement extending the time for plaintiff to make demand upon defendant in accordance with the oral agreement.
Affirmed.
WIGGINTON, Chief Judge, concurs.
CÁRROLL, DONALD K., J., concurring in part and dissenting in part.