377 So.2d 723 (1979)
Anne W. FLEMING and Thomas F. Fleming, III, Personal Representatives of the Estate of Thomas F. Fleming, Jr., Appellants,
v.
BURBACH RADIO, INC., a Florida Corporation, Appellee.
No. 78-2506.
District Court of Appeal of Florida, Fourth District.
November 15, 1979.
Rehearing Denied January 3, 1980.
L.L. Lavalle and Jeff M. Brown, of Lavalle, Wochna, Rutherford, Maher & Truesdell, P.A., Boca Raton, for appellants.
B.F. Paty, Jr., of Paty, Downey, Lewis, Fick & Martin, Palm Beach, for appellee.
HERSEY, Judge.
Thomas F. Fleming, Jr. made various loans to Burbach Radio, Inc. Three of the loans were represented by promissory notes and four additional loans were made for which no promissory notes were given. Appellants, in their capacities as personal representatives of the Estate of Thomas F. Fleming, Jr., brought this action to recover on all of the loans. The fact of indebtedness and the amount due as to each loan was admitted. After a trial without jury the court made the following finding of fact:
9. The loans not evidenced by promissory notes are a proper obligation of the corporation, but Plaintiff did not sufficiently prove when these loans were to be paid.
With reference to the loans not evidenced by promissory notes the court entered the following conclusion of law:
2. The principal amount of $32,242.50 plus interest in the amount of $2,194.62 is an obligation of the corporation and is *724 unpaid, but is not due and owing at this time.
Appellants urge error in that the trial court did not hold that the loans not represented by promissory notes are due and owing upon demand.
It is elementary that the burden of proof rests upon the plaintiff to establish by credible evidence all of the essential elements of his cause of action. 13 Fla.Jur., Evidence, Section 63 and cases there cited. One of the elements in the case sub judice was the time for repayment of the indebtedness.
In the case of a simple contract where no time limit is specified for performance, the party charged with performance must act within a reasonable time. Tyner v. Woodruff, 206 So.2d 684 (Fla. 4th DCA 1968); Doolittle v. Fruehauf Corporation, 332 So.2d 107 (Fla. 1st DCA 1976). In modification and extension of this rule in the area of negotiable instruments, Section 673.108, Florida Statutes (1977) provides that an instrument is payable upon demand if no time for payment is stated.
Both of these rules depend upon a finding that, in the former case, there is no provision of the contract specifying a time for performance and, in the latter case, the instrument is silent as to the time for performance.
The trial court concluded and our review of the record on appeal confirms not that there was no time specified for repayment of the indebtednesses, but rather that appellants had failed to sustain their burden of proof as to whether or not the oral undertakings included a promise to repay at or within a certain time. Under the circumstances, it would not have been appropriate for the trial court to make a new contract for the parties. A different result might have obtained had the appellants sought declaratory relief as to the essential element of time for performance.
Appellants having failed to demonstrate reversible error, we affirm.
AFFIRM.
ANSTEAD and LETTS, JJ., concur.