390 So.2d 353 (1980)
Ralph RUHL, Appellant,
v.
Tom PERRY and Ann Perry, Appellees.
No. 57470.
Supreme Court of Florida.
November 13, 1980.
*354 Daniel M. Kilbride, Jr., Vero Beach, for appellant.
Jerome D. Quinn and Thomas Thatcher of Smith, O'Haire, Thatcher & Quinn, Vero Beach, for appellees.
OVERTON, Justice.
This is an appeal from a circuit court judgment expressly holding unconstitutional sections 95.11(2)(b) and 95.022, Florida Statutes (1975). Section 95.11(2)(b), as enacted by chapter 74-382, Laws of Florida, shortens the period of limitation for a cause of action founded on a sealed note from twenty years to five years. Section 95.022, enacted as part of the same legislative act, is a one-year savings clause for preexisting rights. The trial court held these statutory sections were violative of article III, section 33, of the Florida Constitution (1885), and article I, section 10, of the United States Constitution. We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution (1972).
We find the subject statutes constitutional, but the cause was not barred by the statute of limitations as applied to the facts of this case because of the change in the date the cause of action accrued, and therefore the judgment is affirmed.
The issue concerns the authority of the legislature to affect existing causes of action by (1) reducing a statute of limitations period and (2) changing the point at which a cause of action on a demand note accrues. The latter issue relates to the enactment of section 95.031, Florida Statutes (1975).
The relevant facts are as follows. Appellant Ruhl borrowed $7,500 from appellee Tom Perry in 1960. Ruhl executed a sealed note promising to repay the principal "on demand after two years from date." The note further provided for a waiver of "demand, protest and notice of maturity, nonpayment and protest and all requirements necessary to hold each of them liable." No demand was made until Perry filed suit on May 17, 1976. The trial court expressly found that the loan had not been paid and proceeded to consider the issue of whether a judgment on this note under seal was barred by the statute of limitations.
In 1960, when the note was made, the statute of limitations for sealed instruments was twenty years, prescribed by section 95.11(1), Florida Statutes (1959). Chapter 74-382 repealed section 95.11(1) and enacted section 95.11(2)(b) effective January 1, 1975, which had the effect of reducing from twenty to five years the statute of limitations on sealed instruments. This new statutory section provides in part:
95.11 Limitations other than for the recovery of real property.-Actions other than for recovery of real property shall be commenced as follows:
(2) WITHIN FIVE YEARS.-
(b) A legal or equitable action on a contract, obligation or liability founded on a written instrument.
This same chapter, 74-382, contained a savings clause enacted as section 95.022 effective January 1, 1975, which provides:
Effective date; saving clause.-This act shall become effective on January 1, 1975, but any action that will be barred when this act becomes effective and that would not have been barred under prior law may be commenced before January 1, 1976, and if it is not commenced by that date, the action shall be barred.
Six months later, effective in June of 1975, section 95.031(1) was amended and changed the point at which a cause accrues on a written instrument payable on demand. That statutory section, as amended by chapter 75-234, Laws of Florida, provided:
(1) A cause of action accrues when the last element constituting the cause of action occurs. For the purposes of this chapter, the last element constituting a cause of action on an obligation or liability founded on a written instrument payable on demand or after date with no specific maturity date specified in the instrument and the last element constituting a cause of action against any endorser, guarantor or other person secondarily liable on any such obligation or liability *355 founded on a written instrument payable on demand or after date is the first written demand for payment, notwithstanding that the endorser, guarantor or other person secondarily liable has executed a separate writing evidencing such liability.
This statutory provision was subsequently amended by chapter 77-54 but not in a manner that is material to the issues in this case.
Also applicable to the issue in this cause is section 673.122(1) of the Uniform Commercial Code which provided in 1976 and at the time the suit was filed:
673.122 Accrual of cause of action.-
(1) A cause of action against a maker or an acceptor accrues:
(a) In the case of a time instrument on the day after maturity;
(b) In the case of a demand instrument upon its date or, if no date is stated, on the date of issue.
It was amended in 1977 to read as follows:
673.122 Accrual of cause of action.-
(1) A cause of action against a maker or an acceptor accrues:
(a) In the case of a time instrument on the day after maturity;
(b)1. In the case of a demand instrument other than a note payable on demand, upon its date or, if no date is stated, on the date of issue.
2. In the case of a note payable on demand, as provided in s. 95.031(1).
The trial court held sections 95.11(2)(b) and 95.022 unconstitutional as applied. It concluded that section 33 of article III of the 1885 constitution, which expressly provided that no statute should be passed lessening the time within which a civil action may be commenced, mandates that the twenty-year statute of limitations in effect when the note was made is an integral part of the note. The court further concluded that this period could not be changed by either subsequent legislation or the 1968 Constitution because such a change would violate article I, section 10, of the United States Constitution, and section 20 of the Florida Constitution Declaration of Rights, concerning the impairment of the obligation of a contract. The trial court found that appellees-plaintiffs were entitled to recover on the note and entered judgment accordingly. We agree that judgment should have been entered for appellees, but reverse the trial court's holding of unconstitutionality of the subject statutory sections.
The primary issues are (1) whether sections 95.11(2)(b) and 95.022 may constitutionally be applied to the facts of this case, and, if applicable, (2) does the change in the law relating to the time a cause of action accrues upon a demand note as prescribed in section 95.031, Florida Statutes (1975), allow the cause of action to be brought in this cause.
We find the new statute of limitations set forth in section 95.11(2)(b) to be applicable to this cause and constitutional. The statutory change in the law concerning the time when a cause of action accrues upon a demand note is also applicable, and, as a result, the appellees may properly bring this action since the cause of action under the new statute did not accrue until the first written demand occurred by filing the lawsuit.
It is well established that, by legislative enactment, a state may modify existing remedies, including a statute of limitations, without impairing the obligation of contracts as long as a sufficient remedy is left or another sufficient remedy is provided. This Court has recently upheld the constitutionality of the two statutory sections in question here, as applied to promissory notes under seal. Carpenter v. Florida Central Credit Union, 369 So.2d 935 (Fla. 1979). As we stated in Dade County v. Ferro, 384 So.2d 1283 (Fla. 1980), and in Foley v. Morris, 339 So.2d 215 (Fla. 1976), the legislature clearly has the authority to change a statutory limitation period previously established by law and to make them applicable to existing causes of action as long as a reasonable time is permitted to allow commencement of an action before it is barred. Carpenter; H.K.L. Realty Corp. v. Kirtley, 74 So.2d 876 (Fla. 1954); *356 Mahood v. Bessemer Properties, Inc., 154 Fla. 710, 18 So.2d 775 (1944). We have further expressly stated in Dade County v. Ferro that the authority of the legislature is broad enough to include both causes of action which have accrued and those which concern incidents occurring prior to the effective date of the new statute. We note that the date of discovery of a claim and accrual of a cause of action are relevant to the application of a savings clause. Dade County v. Ferro. This Court has clearly held that "an existing law of limitations is not a part of a contract." Mahood, 18 So.2d at 780. The one-year savings clause for preexisting claims contained in section 95.022 establishes a reasonable period of time for a claim to be commenced, and this saving clause is itself a manifest indication that the legislature intended the statute reducing the period of limitation to be retroactive. Carpenter.
We recognize that the 1885 Constitution in effect at the time the note was made prohibited the legislature from shortening periods of limitation so as to bar preexisting claims. We reject appellees' assertion and the trial court's holding that since this demand note was executed while the 1885 Constitution and the twenty-year statute of limitations were in effect, that statute of limitation period became an absolute and integral part of the promissory note and could not be eliminated without being a violation of the impairment of contract clause. We find this argument without merit. See Wheeler v. Jackson, 137 U.S. 245, 11 S.Ct. 76, 34 L.Ed. 659 (1890); Terry v. Anderson, 95 U.S. 628, 24 L.Ed. 365 (1877); Mahood.
Having found that the new five-year statute of limitations applies, the next question is, when does the five-year statute of limitations begin to run. The note was a combination of a term and a demand note. It was a term note for the first two years and a demand note thereafter. At the time the note was made and delivered, a cause of action on a demand note accrued on the date of issuance or delivery. Syerson v. Kimball, 40 So.2d 781 (Fla. 1949); Bryan v. First Baptist Church of Altamonte Springs, 158 So.2d 140 (Fla. 2d DCA 1963); Wester v. Rigdon, 110 So.2d 470 (Fla. 1st DCA 1959); § 673.122, Fla. Stat. (1975). Whether the statute of limitations began to run when the note was made in 1960 or at the end of two years in 1962 makes no difference. The one-year grace period from January 1, 1975, to January 1, 1976, granted by the savings clause would govern this claim, and, as a result, the cause of action would have to be filed within this grace period or be barred. During this grace period, specifically on June 27, 1975, the legislature amended section 95.031 to change the time when a cause of action accrued on demand promissory notes from date of issuance or delivery to when the first written demand is made on the note. The effect of applying this amendment is that the time did not commence to run on this claim until the cause of action was filed, because no written demand had previously been made. The note was due "on demand after two years from date," which terminology renders the maturity date nonspecific, and, therefore, the note is within the provisions of section 95.031, Florida Statutes (1975).
The appellant maker of this note asks that we on the one hand apply the new reduced five-year statute of limitations but on the other hand reject the application of the new statute changing the accrual of a cause of action, which would have the effect of barring the appellees from recovery on this debt. Such an assertion is neither reasonable nor logical. If the legislature may modify existing remedies by shortening or lengthening the statute of limitations without impairing the obligation of contract, it may also modify the time when a cause of action accrues. The contention by appellant that section 95.031 is a limiting procedural mandate requiring a written demand and nothing more, is without merit. In clear, unambiguous terms the statute provides that a cause of action accrues on a written instrument payable on demand with no specific maturity date when the "first written demand for payment occurs." See Wetmore v. Brennan, 378 So.2d 79 (Fla. 3d DCA 1979). Consequently, in view of *357 the grace period and the adoption of section 95.031 during that period, the new five-year statute of limitations did not commence in this cause until the cause of action was filed, since that was admittedly the first written demand for payment.
We find that the appellee holders of the note were clearly entitled to the benefit of this statutory change in the method of computing the accrual of their cause of action since it occurred during the savings clause grace period. We recognize that section 673.122, as it existed in 1975, provided that the cause of action on a demand instrument accrues on the date of issue. We find, however, that section 95.031 was the last legislative expression on the subject and is controlling in the instant case. Subsequently, in 1977, section 673.122 was amended to expressly adopt section 95.031; consequently, no present conflict between the two statutes exists.
In conclusion, we disagree with the trial court that the modification of the statute of limitations is unconstitutional when applied to existing claims. The legislature has the authority to modify both the statute of limitations and the time when the cause of action upon a demand note accrues. Upon proper application of these new statutory provisions to the facts of this case, the appellees are entitled to the judgment entered by the trial court. For the reasons expressed, the judgment is affirmed.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, ENGLAND, ALDERMAN and McDONALD, JJ., concur.