483 So.2d 832 (1986)
Peter M. MASON, Appellant,
v.
Leonard M. YARMUS and Edith L. Yarmus, Appellees.
No. 85-1736.
District Court of Appeal of Florida, Second District.
February 26, 1986.
*833 Richard C. Davis, Largo, for appellant.
David A. Bacon of Bacon & Bacon, P.A., St. Petersburg, for appellees.
LEHAN, Acting Chief Judge.
We affirm the final judgment against defendant for breach of an oral obligation to pay a debt on demand.
We agree with the trial court that the cause of action in this case did not accrue, and the statute of limitations on the obligation did not begin, until there had been a demand for payment and a failure by the debtor to pay. Although it appears that there is no Florida case law in point, we see no difference in principle or policy between this situation and the provisions of the Uniform Commercial Code, section 673.122, Florida Statutes (1983), which was enacted in 1977 as an amendment to prior law, that a cause of action on a note accrues as provided in section 95.031(1), which provides that the cause of action accrues upon written demand. See Ruhl v. Perry, 390 So.2d 353 (Fla. 1980); Jones v. Rainey, 386 So.2d 1319 (Fla. 2d DCA 1980). Indeed, the 1977 amendment appears to have made the statute consistent with the principle that a cause of action on a contract accrues upon breach of the contract. See Fradley v. Dade County, 187 So.2d 48 (Fla. 3d DCA 1966). There was no breach in this case of the oral contract to pay the debt until the creditor had made demand for payment and the debtor did not pay.
We acknowledge that there is apparently case law in other jurisdictions to the contrary. See Annot., 14 A.L.R.4th 1385 (1982). But we decline to accept appellant's well-presented argument that the cause of action accrued, and the statute of limitations began to run, on the date the obligation arose. At that time there was no obligation by the debtor to pay and, therefore, no breach by the debtor of the obligation and, therefore, no accrual of a cause of action against the debtor.
Affirmed.
FRANK and HALL, JJ., concur.