DELL, Judge.
Charles DeSouza appeals the trial court’s order granting Crafton and Jean DeSouza’s (appellees) motion for summary judgment-based on the statute of limitations. He contends that special circumstances extended the time to demand payment of five alleged “loans” to appellees. Appellees cross-appeal the denial of their motion for attorney’s fees. We affirm the summary judgment as to the first four loans, and reverse and remand as to the fifth loan. We affirm the denial of attorney’s fees.
Appellant claims that he made five interest free loans to appellees over a six year period:
May 15,1986 — $ 4,000.00
July 26,1990 — $13,700.00
September 4,1990 — $15,900.00
January 9,1991 — $ 6,000.00
March 26,1992 — $ 2,478.01
On May 10, 1995, appellant made a written demand for payment. Appellees refused to pay.
In Stoudenmire v. Florida Loan Co., 117 So.2d 500 (Fla. 1st DCA 1960), the First District adopted the rule provided in Smith v. Middle States Utilities Co., 228 Iowa 686, 293 N.W. 59 (1940): *994 Stoudenmire, 117 So.2d at 502 (quoting Smith, 293 N.W. at 64). Appellant contends that’ special circumstances extended his time to demand payment beyond the four year statute of limitations in section 95.11(3)(k), Florida Statutes (1995). He argues for the first time on appeal that the existence of a family relationship extended his time to make a demand for payment. Even if we accepted appellant’s argument that this issue was before the trial court, we must affirm the summary judgment as it applies to the loans on May 16, 1986; July 26, 1990; September 4, 1990; and January 9, 1991. Appellant does not explain, nor does the record show, how the family relationship between the parties affected the time for making a demand for payment. We hold that a family relationship standing alone does not establish special circumstances as contemplated in Stoudenmire.
*993 “[Wjhere a demand or some other act is required of a plaintiff as a condition precedent to his right to sue, the demand must be made in a reasonable time, and this time, unless there be some special circumstances shown, will be fixed in analogy to the statute of limitations.”
*994 However, a question of fact remains as' to whether appellant’s payment of real property taxes on March 26, 1992, constituted a loan to appellees. Since appellant timely filed his action to collect the payment made on this date, we reverse the summary judgment as to that payment.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
GLICKSTEIN and POLEN, JJ., concur.