KLEIN, J.
The issue in this case is whether the statute of limitations begins to run on an oral loan, payable on demand, when the loan is made, or when demand for payment is made. We hold, consistent with precedent of this court and the majority of jurisdictions deciding the issue, that the period of limitations begins to run at the time the loan is made, not when demand for payment is made, but certify conflict.
Appellee creditor has a judgment against Anderson Development Corporation in the amount of $77,732. When he was unable to collect the judgment, the creditor filed a motion for writ of garnishment asserting that appellant Anderson (debtor) possessed assets of the corporation. Ensuing discovery revealed that in 1988, debtor received $67,500 as a loan from the corporation. The loan was not in writing and contained no terms regarding interest or time for repayment. The corporation never made a demand for repayment of the loan prior to the garnishment proceedings, brought in November, 1995.
The debtor in the garnishment proceedings asserted that the statute of limitations had run; however, the trial court granted the creditor’s motion for summary judgment, and the debtor appeals.
The parties agree that the oral loan contained no terms governing repayment and that the creditor stands in the shoes of the corporation for purposes of collecting the debt owed by debtor to the corporation. They agree that the dispositive issue is when the cause of action accrued so as to start the statute of limitations running on this loan.
In Stoudenmire v. Florida Loan Co., 117 So.2d 500 (Fla. 1st DCA 1960), the issue was when the three year statute of limitations applicable to oral agreements begins to run. The agreement in that case involved the repurchase of stock in a corporation. The plaintiff, who was demanding that the defendant repurchase the stock, contended that the cause of action for breach of the oral agreement did not accrue until it became known to plaintiff that the defendant would not perform. Recognizing that the case was one of first impression, the first district followed the majority rule from Smith v. Middle States Utilities Co. of Delaware, 228 Iowa 686, 293 N.W. 59, 64 (1940), in which it was held:
*1178 [W]here a demand or some other act is required of a plaintiff as a condition precedent to his right to sue, ‘the demand must be made in a reasonable time, and this time, unless there be some special circumstances shown, will be fixed in analogy to the statute of limitations.’
The Stoudenmire court, after citing cases from a number of other jurisdictions, held that if no demand is made for performance within the period of limitations applicable to the oral agreement in Stouden-mire, which was three years, the claim is barred unless the statute of limitations was tolled “pursuant to transactions between the parties occurring subsequent to the date of the agreement sued on.” Stoudenmire, 117 So.2d at 503. Stoudenmire, as we noted earlier, represents the majority view. See also 14 A.L.R.4th 1385, 1982 WL 198807 (1982).
This court recently applied the rationale of Stoudenmire in a case involving oral interest-free loans with no terms for repayment. We held that under those circumstances the demand for repayment must be made in a reasonable time analogous to the statute of limitations, and, as to the loans in which the demand was beyond that period, the claims were barred. DeSouza v. DeSouza, 708 So.2d 993 (Fla. 4th DCA 1998).
The creditor argues that we should follow Mason v. Yarmus, 483 So.2d 832 (Fla. 2d DCA 1986), which also involved an oral loan to be repaid on demand. Although there was no written instrument, the second district relied on Uniform Commercial Code(UCC) law to the effect that “a cause of action on a note accrues ... upon written demand.” Id. at 833. We do not agree with Mason’s reliance on the UCC because under the UCC a note is defined as a written instrument. § 673.104(2)(d), Fla. Stat. This court has held that the time for performance under the UCC for negotiable instruments is not applicable to an oral contract which does not specify a time for performance. Fleming v. Burbach Radio, Inc., 377 So.2d 723 (Fla. 4th DCA 1979).
We adhere to DeSouza but certify direct conflict with Mason. Reversed.
FARMER and STEVENSON, JJ., concur.