817 So.2d 812 (2002)
Robert T. MOSHER, Petitioner,
v.
Stephen J. ANDERSON, Respondent.
No. SC00-1263.
Supreme Court of Florida.
April 25, 2002.
Rehearing Denied May 22, 2002.
John T. Mulhall III and Michael E. Wargo of Rutherford, Mulhall & Wargo, P.A., Boca Raton, FL, for Petitioner.
William J. McPharlin, Fort Lauderdale, FL, for Respondent.
PER CURIAM.
We have for review a decision from the Fourth District Court of Appeal, Anderson v. Mosher, 758 So.2d 1177, 1178 (Fla. 4th DCA 2000), which certified conflict with the decision from the Second District Court of Appeal in Mason v. Yarmus, 483 So.2d 832 (Fla. 2d DCA 1986). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons that follow, we approve the Second District's decision in Mason, and hold that a cause of action on an oral loan payable upon demand accrues, and the statute of limitations begins to run, at the time when demand for payment is made.

BACKGROUND
Stephen J. Anderson and his brother, Michael, were the only shareholders of the Anderson Development Corporation, a Florida corporation. Robert T. Mosher secured a judgment against the corporation and sought to garnish Anderson's prior loan obligation to the corporation to satisfy his judgment. The Fourth District set out the additional relevant facts:
Appellee creditor [Robert T. Mosher] has a judgment against Anderson Development Corporation in the amount of $77,732. When he was unable to collect the judgment, the creditor filed a motion *813 for writ of garnishment asserting that [Stephen J.] Anderson (debtor) possessed assets of the corporation. Ensuing discovery revealed that in 1988, debtor received $67,500 as a loan from the corporation. The loan was not in writing and contained no terms regarding interest or time for repayment. The corporation never made a demand for repayment of the loan prior to the garnishment proceedings, brought in November, 1995.
The debtor in the garnishment proceedings asserted that the statute of limitations had run; however, the trial court granted the creditor's motion for summary judgment, and the debtor appeals.
The parties agree that the oral loan contained no terms governing repayment and that the creditor stands in the shoes of the corporation for purposes of collecting the debt owed by debtor to the corporation. They agree that the dispositive issue is when the cause of action accrued so as to start the statute of limitations running on this loan.
Anderson, 758 So.2d at 1177. After the trial court's grant of summary judgment to the corporation's creditor, Anderson appealed and the Fourth District reversed, absolving him of liability for repayment of the loan, and holding that the statute of limitations applicable to the oral loan began to run on the date the loan was made. See id. at 1177. In so holding, the district court relied upon what it perceived to be the majority rule in other jurisdictions, and rejected Mosher's contention that the statute of limitations does not begin to run on an obligation that does not contain repayment terms until a demand for payment has been made. See id. The district court certified its decision as being in direct conflict with the decision of the Second District in Mason, 483 So.2d at 832, which held that the limitations period applicable to oral loans payable on demand does not begin to run until a demand for payment is made. See Anderson, 758 So.2d at 1178.

DISCUSSION
At issue is when the limitations period begins to run on an oral loan that either does not contain repayment terms or is payable on demand. Section 95.11(3)(k), Florida Statutes (2001), mandates that "[a] legal or equitable action on a contract, obligation, or liability not founded on a written instrument" shall be brought within four years. Thus, all agree that an action on the oral loan in this case is subject to a four-year statute of limitation. However, at issue is when the four-year limitations period begins to run.
Section 95.031, Florida Statutes (2001), provides that "the time within which an action shall be begun under any statute of limitations runs from the time the cause of action accrues." Section 95.031(1), provides that "[a] cause of action accrues when the last element constituting the cause of action occurs." Therefore, the dispositive issue is when the cause of action accrues, where, as here, the oral loan does not contain explicit terms for repayment.
In Mason, the Second District analogized to Florida's version of the Uniform Commercial Code in holding that the statute of limitations on an oral debt payable on demand did not accrue until the creditor demanded payment and the debtor failed to pay:
We affirm the final judgment against defendant for breach of an oral obligation to pay a debt on demand.
We agree with the trial court that the cause of action in this case did not accrue, and the statute of limitations on the obligation did not begin, until there *814 had been a demand for payment and a failure by the debtor to pay. Although it appears that there is no Florida case law in point, we see no difference in principle or policy between this situation and the provisions of the Uniform Commercial Code, section 673.122, Florida Statutes (1983), which was enacted in 1977 as an amendment to prior law, that a cause of action on a note accrues as provided in section 95.031(1), which provides that the cause of action accrues upon written demand. See Ruhl v. Perry, 390 So.2d 353 (Fla.1980); Jones v. Rainey, 386 So.2d 1319 (Fla. 2d DCA 1980). Indeed, the 1977 amendment appears to have made the statute consistent with the principle that a cause of action on a contract accrues upon breach of the contract. See Fradley v. Dade County, 187 So.2d 48 (Fla. 3d DCA 1966). There was no breach in this case of the oral contract to pay the debt until the creditor had made demand for payment and the debtor did not pay.
We acknowledge that there is apparently case law in other jurisdictions to the contrary. See Annot., 14 A.L.R.4th 1385 (1982). But we decline to accept appellant's well-presented argument that the cause of action accrued, and the statute of limitations began to run, on the date the obligation arose. At that time there was no obligation by the debtor to pay and, therefore, no breach by the debtor of the obligation and, therefore, no accrual of a cause of action against the debtor.
483 So.2d at 833. While we, like the Second District, acknowledge authority to the contrary, we approve Mason and hold that in Florida, the limitations period for bringing an action on an oral loan payable upon demand begins to run only after there has been a breach by the debtor, i.e., the debtor has refused to repay the loan at the time the creditor demands repayment.[1]
As noted by the Second District, this is the rule that obtains when there is a written loan agreement providing that the loan is payable upon demand, and we see no valid basis for distinguishing between the two situations. The critical feature of both forms of loans, whether oral or written, is the provision for repayment upon demand. When that provision is the same in both instances, we see no reason to have one rule that says a demand must first be made and rejected in the one instance, but not in the other. Cf. Schreiber v. Hackett, 173 Ill.App.3d 129, 122 Ill.Dec. 914, 527 N.E.2d 412 (1988) (holding that where parties to an oral loan agreed that the loan would be repaid on demand, the statute of limitations did not begin to run until the date plaintiff demanded repayment of the loan). The cases which adhere to a contrary rule fail to indicate good policy reasons why the commencement date for the statute of limitations for written and oral "on demand" loans should be different.
We also agree with the Second District's reasoning applying ordinary contract principles to the loan transaction. To hold to the contrary would be tantamount to holding that a loan recipient is in immediate breach of the loan agreement at the time the loan is made. We cannot agree that such a construction of the loan would be in the ordinary contemplation of the parties. *815 On the other hand, it is reasonable for all to assume that there has been a breach of a simple oral loan agreement where repayment is requested and refused. A contrary rule would also punish a lender who may wish to allow a creditor substantial time to repay an oral loan, only to find out down the road that his kindness has been repaid by a legal "gotcha" tactic not based on the merits of the dispute but rather on the silent starting and running of a statutory limitations period.
We are also concerned that the outcome in the case below may be illustrative of the mischief that may obtain under a contrary ruling. In this case we have an oral loan that is made by a company to one of its two family shareholders. No demand is made for repayment of this "friendly" loan. Then, when a legitimate third party creditor seeks to collect a valid judgment against the company by garnishment of the shareholder's debt to the company, the shareholder says, "Sorry, but my debt to the company has expired as a matter of law because my company did not sue me for repayment within four years." We doubt very seriously that other institutions, like the IRS or other government institutions, would honor such a "gotcha" tactic. While we recognize that different rules control different proceedings and institutions, we still find a lack of logic in the elimination of the demand requirement for oral loans payable "upon demand," and in the outcome of these proceedings below.
Accordingly, we quash Anderson, approve Mason, and remand this cause for further proceedings consistent herewith.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, and QUINCE, JJ., concur.
PARIENTE, J., dissents with an opinion, in which LEWIS, J., concurs.
PARIENTE, J., dissenting.
I respectfully dissent. In my opinion, the majority overlooks both statutory law and common law in reaching its conclusion that a cause of action on an oral loan without repayment terms accrues, and the statute of limitations begins to run, at the time when demand for payment is made, rather than at the time the loan is made. I also conclude that the majority's policy reasons are flawed. Thus, I would approve the Fourth District Court of Appeal's opinion in Anderson v. Mosher, 758 So.2d 1177 (Fla. 4th DCA 2000).
Section 95.031, Florida Statutes (2001), provides that "the time within which an action shall be begun under any statute of limitations runs from the time the cause of action accrues." Furthermore, "[a] cause of action accrues when the last element constituting the cause of action occurs." § 95.031(1), Fla. Stat. Therefore, as the majority properly acknowledges, the dispositive issue in this case is when the cause of action accrued, where the oral loan did not contain repayment terms.
At common law, a cause of action on a payable-on-demand note accrued on the date of issuance or delivery. See Ruhl v. Perry, 390 So.2d 353, 356 (Fla.1980); Syerson v. Kimball, 40 So.2d 781, 782 (Fla. 1949). Section 95.031(1), however, changed the common law regarding when a cause of action arising from nonpayment of a negotiable or nonnegotiable note accrues:
For the purposes of this chapter, the last element constituting a cause of action on an obligation or liability founded on a negotiable or nonnegotiable note payable on demand or after date with no specific maturity date specified in the note, and the last element constituting a cause of action against any endorser ... *816 is the first written demand for payment....
Both parties agree that because the loan in this case was oral, it did not constitute a "negotiable or nonnegotiable note." Thus, the modification of the common law by the enactment of section 95.031(1) does not control the statute of limitations for the oral loan in this case.
If the Legislature had intended for section 95.031(1) to apply to oral loans, it would have specifically included oral loans. Under the doctrine of "expressio unius est exclusio alterius," the mention of one thing implies the exclusion of another. See Young v. Progressive Southeastern Ins. Co., 753 So.2d 80, 85 (Fla.2000). Accordingly, the inclusion of written payable-on-demand loans and written loans that do not include specific maturity dates in the second sentence of section 95.031(1) necessarily implies the exclusion of oral payable-on-demand loans and oral loans that do not contain specific maturity dates. Indeed, the legislative history for the 1977 changes to section 95.031(1) acknowledges that providing that the cause of action on a payable-on-demand note runs from the date of written demand, rather than from issuance "does not follow the generally accepted rule that an action may be brought on a demand note immediately upon issue, without demand." Fla. S. Comm. on Jud.Civil, CS for SB 136 (1977), Staff Analysis 1 (Mar. 30, 1977) (emphasis supplied). Thus, the Legislature's failure to include oral loans in the provision at issue indicates that the Legislature did not intend for the rule applicable to written loans to also apply to oral loans.
I also conclude that the Second District Court of Appeal's decision in Mason v. Yarmus, 483 So.2d 832 (Fla. 2d DCA 1986), upon which the majority relies, is based on a faulty premise. In Mason, 483 So.2d at 833, the Second District relied by analogy upon Florida's version of the Uniform Commercial Code (UCC) in holding that the statute of limitations on an oral debt payable on demand did not accrue until the creditor demanded payment and the debtor failed to pay.
In rejecting the Second District's decision in Mason, the Fourth District in this case stated:
We do not agree with Mason's reliance on the UCC because under the UCC a note is defined as a written instrument. § 673.104(2)(d), Fla. Stat. This court has held that the time for performance under the UCC for negotiable instruments is not applicable to an oral contract which does not specify a time for performance. Fleming v. Burbach Radio, Inc., 377 So.2d 723 (Fla. 4th DCA 1979).
Anderson, 758 So.2d at 1178. Therefore, although the majority contends that there is "no valid basis" to distinguish between written payable-on-demand loan agreements and oral payable-on-demand agreements, see majority op. at 814, in fact, both the UCC and section 95.031(1) apply only to written instruments. There are many other areas of the law in which written instruments are treated differently from oral contracts.
With regard to oral loans that do not contain repayment terms, both the First District Court of Appeal and the Fourth District have concluded that the cause of action accrues at the time the loan was entered into. See DeSouza v. DeSouza, 708 So.2d 993 (Fla. 4th DCA 1998); Stoudenmire v. Florida Loan Co., 117 So.2d 500 (Fla. 1st DCA 1960).[2] This is consistent *817 with the common law rule applicable to written payable-on-demand notes. See Ruhl, 390 So.2d at 356; Syerson, 40 So.2d at 782.[3]
The rationale for this common law principle is set forth in Stoudenmire:
[W]here a demand or some other act is required of a plaintiff as a condition precedent to his right to sue, "the demand must be made in a reasonable time, and this time, unless there be some special circumstances shown, will be fixed in analogy to the statute of limitations."
117 So.2d at 502 (quoting Smith v. Middle States Util. Co., 228 Iowa 686, 293 N.W. 59, 64 (1940)). In DeSouza, the Fourth District applied the rationale of Stoudenmire to several oral interest-free loans with no terms for repayment. 708 So.2d at 993-94. The Fourth District held that if a demand for repayment of an oral loan is not made within a reasonable time analogous to the statute of limitations, the claim is barred. See DeSouza, 708 So.2d at 993.
The decisions in Stoudenmire and DeSouza are in accord with the majority of other jurisdictions that have held or recognized that statutes of limitation for actions based on oral promises to pay money that do not contain provisions for the time of repayment begin to run from the date the promises were made. See Jay M. Zitter, Annotation, When Statute of Limitations Begins To Run Against Action Based On Unwritten Promise To Pay Money Where There Is No Condition Or Definite Time for Repayment, 14 A.L.R.4th 1385 (1982 & Supp.2001); see also In re Estate of Musgrove, 144 Ariz. 168, 696 P.2d 720 (Ct.App. 1985) (holding that where oral loan was silent as to the time of repayment, the statute of limitations began to run at the time the contract was made); In re Estate of Whitehead, 895 S.W.2d 129, 131 (Mo.Ct. App.1995) ("The obligations here were akin to demand notes. Such notes are payable on the date of execution and no demand is necessary to start the statute of limitations running."); Belcher v. Kirkwood, 238 Va. 430, 383 S.E.2d 729 (1989) (holding that a lender was barred from recovering repayment for loans made more than three years before filing suit, where obligations without agreed repayment dates were deemed payable on demand, and where the statute of limitations applicable to oral contracts was three years); Richardson v. Schaub, 796 P.2d 1304 (Wyo.1990) (stating that a cause of action for repayment of unwritten loan agreement without terms setting time for repayment arose upon making of loan and was subject to eight-year statute of limitations, under which action brought twelve years after loan was time-barred).[4]
*818 As the Arizona Court of Appeals has explained:
Statutes of limitations are enacted to relieve defendants and the courts from litigation of stale claims because evidence may have been lost or witnesses' memories faded. It is a necessary policy for the orderly administration of justice. We are not persuaded by cases from jurisdictions which permit a creditor to toll the statute of limitations by proving that he waited a "reasonable" time to seek repayment. This policy involves the courts in the kind of evidentiary problems which statutes of limitations were intended to preclude and emasculates the statute itself. Therefore, we hold that were the contract is silent as to the time of repayment, the statute of limitations begins to run at the time the loan is made.
Estate of Musgrove, 696 P.2d at 723-24 (citation omitted).
This majority view is consistent with the "purpose of a statute of limitations, which is `to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.'" Totura & Co. v. Williams, 754 So.2d 671, 681 (Fla.2000). Similarly, in its decision in Hawkins v. Barnes, 661 So.2d 1271, 1272 (Fla. 5th DCA 1995), the Fifth District Court of Appeal stated:
Statutes of limitation are designed to prevent unreasonable delay in the enforcement of legal rights. The purpose of setting a fixed time limit on the right to assert a civil claim is to encourage prompt resolution of controversies and to protect against the risk of injustice. Baskerville-Donovan Engineers Inc. v. Pensacola Executive House Condominium Ass'n, Inc., 581 So.2d 1301 (Fla. 1991). The result may seem harsh when the statute of limitations operates to extinguish a valid claim. Nevertheless, the policy of the statute is to bring an end to potential liability by imposing a fixed time limit on the right to assert a claim. As to each civil action, the applicable statute of limitations serves notice of a potential bar and provides a reasonable time within which the plaintiff can initiate a claim.
Accordingly, I would conclude that where no time for repayment has been specified or the loan is payable on demand, the statute of limitations begins to run when the oral loan is made. Moreover, although the majority relies on public policy to support its sub silentio abrogation of the common law, strong public policy arguments support the position that a four-year period of time in which to enforce payment of an oral loan is reasonable. If the cause *819 of action accrues at the time the oral loan is made, a creditor's recourse is either to demand payment within four years from the date the loan was made or require that the oral loan be reduced to writing. In the latter scenario, section 95.031(1) will expressly control and the statute of limitations will not begin to run until demand is made.
I am concerned that today's majority holding is contrary to the fundamental purpose of a statute of limitations. Under the majority decision that the statute of limitations begins to run from the demand, the statute of limitations on an oral loan could be extended indefinitely, allowing the creditor to demand payment at any time in the future even though there is no written note to evidence the existence of the loan. Surely public policy would encourage finality over some indefinite right of repayment in cases of oral loans, as is the policy in the majority of jurisdictions, and as is consistent with this State's common law.
With respect to the majority's argument that "ordinary contract principles" should apply to the loan transaction, see majority op. at ___, nothing prevents the parties to an oral loan from agreeing to specific repayment terms or from proving that the terms of the agreement allowed for a reasonable time after the loan was made for repayment. Therefore, ordinary contract principles do apply to oral loans that do not contain payment terms or are payable on demand. It is only when the oral loan contains no specific term for repayment that the statute of limitations of four years is set as the outside time for repayment.
In this case, the oral loan was made in 1988. Thus, the four-year statute of limitations for oral contracts contained in section 95.11(3)(k) began to run in 1988. Because at the time the creditor attempted to collect the debt in the 1995 garnishment proceedings there had been no demand for payment or an attempt to enforce the debt for seven years, I would conclude that the collection of the debt is barred by the statute of limitations.
LEWIS, J., concurs.
NOTES
[1] We recognize that some other jurisdictions have adopted a contrary rule. See Jay M. Zitter, Annotation, When Statute of Limitations Begins To Run Against Action Based On Unwritten Promise To Pay Money Where There Is No Condition Or Definite Time for Repayment, 14 A.L.R.4th 1385 (1982 & Supp.2001). Those jurisdictions holding that the limitations period begins to run when the loan is made have expressed concern with the delay that might occur if the creditor does not promptly make a demand for repayment. However, that same delay is obviously a consideration in written demand loans.
[2] The Fourth District in this case characterized the oral loan as "payable on demand," yet also explained that the loan did not contain terms for interest or repayment. Anderson, 758 So.2d at 1177. Although this distinction is irrelevant to today's holding, I would decline to characterize the oral loan in this case as "payable on demand" because the loan is more properly regarded as not containing any terms for repayment. See Fleming v. Burbach Radio, Inc., 377 So.2d 723, 724 (Fla. 4th DCA 1979). Under the UCC, however, a written note that is payable on demand or at the will of the holder and a loan that does not contain repayment terms are both considered "payable on demand." See § 673.1081, Fla. Stat. (2001).
[3] These two principles are in contrast to the common law rule for written contracts, in which the cause of action accrues upon the breach. See State Farm Mut. Auto. Ins. Co. v. Lee, 678 So.2d 818, 821 (Fla.1996).
[4] Several states have endorsed an intermediate position not discussed in the Fourth District's opinion. In these cases, the cause of action accrues and the statute of limitations begins to run neither at the time the loan is made, nor when an express demand for repayment is made, but at a reasonable time after the loan is made. These courts treat the oral contract as if it contained a provision that repayment would be made at a time convenient for the debtor. The trier of fact would consider the relevant facts and decide upon a reasonable time when the debtor was able to make repayment or it was convenient for him or her to do so, and the statute of limitations would begin to run at that time. Despite the evidentiary problems inherent in proving the state of the debtor's finances at various times before an action is initiated, some courts have found that this view is better aligned with the parties' intent and the general rules of contract law. See Annotation, 14 A.L.R. 4th at 1385; see also Rees v. Heyser, 404 N.E.2d 1183 (Ind.Ct.App.1980) (where individual sought repayment of oral loan which did not contain a definite time of repayment, the court held that the statute of limitations did not begin to run on the promise until a reasonable time for performance had elapsed); Phillips & Jordan Invest. Corp. v. Ashblue Co., 86 N.C.App. 186, 357 S.E.2d 1 (1987) (holding in an action on a verbal agreement which failed to specify time for repayment that the statute of limitations did not begin to run until reasonable time for repayment had passed). Because this intermediate approach emphasizes a case-by-case determination that may result in inconsistent holdings by the lower courts and may create difficult evidentiary issues based on a "reasonable" length of time, I would reject this approach.