DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANTHONY J. IEMMA,**
Appellant,

v.

**MARGARET HEICHBERGER,** as Personal Representative of the **ESTATE OF JOSEPH P. D'ANGELO,** and **INGRID PALMER,**
Appellees.

No. 4D21-3149

[December 21, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Robinson, Judge; L.T. Case No. CACE20001287 (13).

Alan D. Sackrin of Sackrin & Tolchinsky, P.A., Hallandale Beach, for appellant.

Virginia Wolf Gilliam of Law Offices of Gilliam & Gilliam, LLC, Miami, for appellees.

KUNTZ, J.

The circuit court entered a final summary judgment after concluding that Anthony Iemma's suit against the Estate of Joseph P. D'Angelo was barred by the expiration of the statute of limitations. As he did in response to the summary judgment motion, Iemma argues the Estate is equitably estopped from asserting the statute of limitations defense. The Estate argues summary judgment was appropriate and the circuit court correctly rejected Iemma's "own self-serving testimony provided in his affidavit in opposition" to the summary judgment motion. We conclude that Iemma's affidavit filed in opposition to the Estate's summary judgment motion was sufficient to preclude summary judgment. Therefore, we reverse.

## *Background*

Iemma filed a complaint against the Estate alleging that he lent Joseph D'Angelo, the Decedent, and Ingrid Palmer money two times. First, on August 23, 2002, Iemma lent the Decedent and Palmer $800,000. This

transaction was memorialized in a one-page "promissory note" that states the principal is payable "on demand" with "interest at the rate of 10% per annum payable monthly." Second, on August 26, 2002, Iemma lent the Decedent and Palmer $2,000. This second transaction was also memorialized in a one-page "promissory note" that was "payable on demand" and included the same provision about interest as the first note. In his complaint, Iemma demanded repayment of the notes, interest, and compensatory damages.

The Estate moved for summary judgment and argued summary judgment should be granted because the statute of limitations ran on both promissory notes "and there [was] no promise to pay the barred debt that would revive the same." Iemma filed an affidavit arguing the claims were not barred by the statute of limitations because the Decedent "repeatedly told [Iemma] not to demand payment due to the fact that [the Decedent] said he did not have the financial resources to pay Iemma." Iemma argued that he "delayed demanding payment from [the Decedent due to the Decedent's] repeated requests and his statements that he didn't have the funds to pay."

After two days of hearings on the summary judgment motion, the circuit court rejected Iemma's equitable estoppel argument and entered judgment for the Estate. The court noted that the promissory notes were executed in August 2002, and that no principal or interest payments were ever made to Iemma under the two notes. So, the court concluded, default occurred in September 2002, and the five-year statute of limitations expired in September 2007. This appeal followed.

### Analysis

The sole issue we address is the circuit court's conclusion that Iemma's summary judgment evidence was insufficient to support Iemma's argument that equitable estoppel precluded the Estate from asserting the statute of limitations as a defense to his suit.[1]

---

[1] The statute of limitations on a note payable on demand does not begin to run until written demand for payment is made. *See* § 95.031(1), Fla. Stat. (2002). *See also In re Eddy*, 572 B.R. 774, 779 (Bankr. M.D. Fla. 2017). This statutory section "changed the common law regarding when a cause of action arising from nonpayment of a negotiable or nonnegotiable note accrues." *Mosher v. Anderson*, 817 So. 2d 812, 815 (Fla. 2002) (Pariente, J., dissenting) (emphasis omitted). Now, in Florida, the statute of limitations for an oral or written loan "payable upon demand begins to run only after there has been a breach by the debtor, i.e.,

Equitable estoppel is "a valid defense to a limitations-periods defense." *Morsani v. Major League Baseball*, 739 So. 2d 610, 614 (Fla. 2d DCA 1999). While equitable estoppel does not "toll" the statute of limitations, it can prevent a party from raising a defense which the party otherwise could have raised. *Meyer v. Meyer*, 25 So. 3d 39, 42 (Fla. 2d DCA 2009) (quoting *Major League Baseball v. Morsani*, 790 So. 2d 1071, 1077 (Fla. 2001)). So equitable estoppel can apply even where the statute of limitations has already run. *See Delco Oil, Inc. v. Pannu*, 856 So. 2d 1070, 1073 (Fla. 5th DCA 2003) (explaining equitable estoppel applies when defendant's conduct "induced the plaintiff into forbearing suit within the applicable limitations period").

In *Ryan v. Lobo De Gonzalez*, 841 So. 2d 510 (Fla. 4th DCA 2003), we explained that equitable estoppel bars the application of the statute of limitations:

> [E]quitable estoppel "presupposes that the plaintiff knows of the facts underlying the cause of action but delayed filing suit because of the defendant's conduct." *See Bell v. Fowler*, 99 F.3d 262, 266 n. 2 (8th Cir. 1996) (citing *Dring v. McDonnell Douglas Corp.*, 58 F.3d 1323, 1329 (8th Cir. 1995)) (emphasis added). Stated another way, "[e]quitable estoppel arises where the parties recognize the basis for suit, but the wrongdoer

---

the debtor has refused to repay the loan at the time the creditor demands repayment." *Id.* at 14.

The notes at issue were payable on demand but also required monthly interest payments. Did the interest payment change the nature of the obligation into something other than a note payable on demand? That is a question not relevant to the sole issue presented—whether Iemma's summary judgment evidence was sufficient to defeat the Estate's argument that equitable estoppel does not apply. But answering that question is necessary to determine the correct application of the statute of limitations and, as a result, is a question which the circuit court will likely need to consider on remand. *See, e.g., Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 765 (7th Cir. 2010) (a provision requiring the monthly payment of interest does not recharacterize the nature of a note payable on demand); *Bank One, Texas, N.A. v. Taylor*, 970 F.2d 16, 31 (5th Cir. 1992) (conditions in a note defining event of default are rendered meaningless if the agreement was intended to be payable on demand); *Todd v. Third Nat'l Bank*, 113 S.W.2d 740, 741 (Tenn. 1938) ("[A] note is none the less payable on demand when it provides for interest, whether from date or after a specified time."); *Shapleigh Hardware Co. v. Spiro*, 106 So. 209, 210 (Miss. 1925) (a note payable on demand but with a requirement of interest from signing remains a note payable on demand).

prevails upon the other to forego enforcing his right until the statutory time has lapsed." *Cook v. Deltona Corp.*, 753 F.2d 1552, 1563 (11th Cir. 1985) (quoting *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1043 n. 7 (10th Cir. 1980)) (emphasis added).

*Id.* at 518–19 (emphasis omitted).

In the circuit court, Iemma filed an affidavit opposing the Estate's motion for summary judgment. In the affidavit, Iemma explained that he "did not sue [the Decedent] as he repeatedly asked me not to sue him and assured me that I would be paid." Iemma stated that the Decedent "blamed his poor financial condition as far back as 2006 and 2007 and as recently as within a year of his death as to why he was not able to make payments so I did not make a formal demand of him to pay me and I did not sue him as I trusted what he said."

Like the statements allegedly made here, in *Acoustic Innovations, Inc. v. Schafer*, the "trial court found that Miller's words and actions repeatedly assured Schafer that Miller would honor their agreement." 976 So. 2d 1139, 1144 (Fla. 4th DCA 2008). Based on that finding, we concluded that "the doctrine of equitable estoppel bar[red] the application of the statute of limitations." *Id.*

The assertions in Iemma's affidavit were sufficient to overcome the Estate's summary judgment motion, and the circuit court erred when it rejected Iemma's equitable estoppel defense to the statute of limitations. *Brooks Tropicals, Inc. v. Acosta*, 959 So. 2d 288, 293 (Fla. 3d DCA 2007) ("Equitable estoppel exists to bar the application of the statute of limitations where the parties recognize a basis for a suit, but the wrongdoer prevails on the other to forego enforcing that right until the statutory time has elapsed.").

### Conclusion

The circuit court's final summary judgment is reversed, and the case is remanded for further proceedings.

*Reversed and remanded.*

CIKLIN and LEVINE, JJ., concur.

\* \* \*

4

*Not final until disposition of timely filed motion for rehearing.*